## WHITING *et al. v.* CLARK.

A CREDITOR, having legally fixed the liability of a guarantor, is not bound to sue the debtor in order to hold the guarantor—at least, not until requested by the guarantor. The guarantor, if he wish to protect himself from loss, should pay the debt, and then sue the principal, or file a bill to compel the creditor to sue.

Where plaintiff claimed on a written guaranty by defendant for goods sold and delivered, and charged to one P., and defendant plead that no suit had been brought by plaintiff against P., and that the Statute of Limitations of one year had barred the claim as against P.: *Held,* that the statute is no defense; that by the guaranty defendant became the debtor of plaintiff; and that no limitation could defeat the action, except that prescribed for the class of indebtedness evidenced by the written guaranty.

Where interest was improperly allowed on a running account, but no objection taken for that reason to the judgment or finding of the referee : *Held,* that the judgment will not be reversed.

APPEAL from the Fourth District.

Suit commenced by Whiting, Goodman & Co., Aug. 26th, 1859, on the following written guaranty :

"SAN FRANCISCO, Dec. 19th, 1859.

"For a valuable consideration, I hereby guaranty the payment for any goods which Whiting, Goodman & Co. shall deliver to George S. Porter, or his order, on and after this date.

(Signed.)        "G. W. CLARK."

The complaint avers, that plaintiffs gave defendant notice that they accepted the guaranty ; and afterwards, relying on it, between its date and June 1st, 1858, sold and delivered to Porter goods amounting to seven hundred and ninety-five dollars and fifty cents, and notified defendant thereof at the time of the sales ; and that on the seventeenth September, 1858, there was a balance due of three hundred and ninety-five dollars and fifty cents, for payment of which demand was then made of Porter and refused ; that defendant was on the same day notified of such refusal, and demand made on him for payment ; and that Aug. 1st, 1859, plaintiffs presented defendant an account of said balance, and demanded payment, etc. Prayer for five hundred dollars damages, and costs.

The answer admits knowledge of the sales up to April 20th,

1858, but denies that defendant was ever notified of any sales after that date ; or that he was notified of any demand on Porter, or of the time when his account was due, until August, 1859.  It also sets up that the goods sold to Porter were charged to him in a book account, and that he, Porter, is indebted on this book account only ; that plaintiffs have failed to sue him for the amount ; and that the cause of action against Porter has accrued more than one year before the commencement of this suit, and is barred.

The case was tried before the Court, and the allegations of the complaint were substantially found true.  The account on plaintiffs' books was against Porter.  Judgment for plaintiffs for three hundred and ninety-five dollars and fifty cents, with ten per cent. interest from Sept. 1st, 1858, in all four hundred and fifty-two dollars and twenty-nine cents.

Defendant moved for a new trial, on the ground that the finding is not justified by the evidence, and is against law.  Overruled. Defendant appeals.

*E. B. Mastick*, for Appellant.

The original debt was barred and discharged by the Statute of Limitations, and the liability of the guarantor is discharged with that of the principal.

A guarantor is merely a surety for the principal, and the engagement is accessory to the agreement of the principal ; and it is a general rule that whatever discharges the principal discharges also the surety.   (Burge on Suretyship, 20 ;  Chitty on Cont. 499, 527, 528.)

And it makes no difference in what manner the surety is discharged, whether it be by payment, release, extension of time, novation or otherwise.   (Chitty on Cont. 529, and cases cited ; *Norton* v. *Roberts*, 4 Monr. 494.)

In this case, the plaintiffs by their negligence permitted the principal debtor to be discharged.  In the language of the Court in the case of *Fairbanks* v. *Dawson*, (9 Cal. 89–92) " The original debt is paid when the time fixed by the act expires."

It may be claimed that the surety should pay the debt.   And some of the New York cases hold that doctrine ; but the decisions

in that State in relation to the liability of a guarantor are opposed to most of the other States.

The true rule requires the creditor to give notice to the guarantor that the debt became due at such a time ; that the principal debtor had not paid, and the creditor looked to him (the surety) for payment.    And such notice seems to be required where the guarantor is treated as a surety.  (*Russell* v. *Clark*, 7 Cranch, 69–92 ; *Cremer* v. *Higginson*, 1 Mason, 323, 340 ; *Craft* v. *Isham*, 13 Conn. 28.)

This suit was commenced, as the filing of the complaint shows, on the twenty-sixth day of August, 1859, long after the account had become barred by the statute.  But it may be said the plaintiffs were not bound to take any steps to collect, or notify the defendant of nonpayment ; that they might remain entirely passive.   Where the contract of guaranty is treated as an absolute agreement and the guarantor not entitled to any notice, as in New York, the creditor need not take any steps ; and if that doctrine was carried out fully, he could not do anything which would discharge the guarantor. But the Courts in this State treat the contract differently.    The guarantor is regarded as a surety, and entitled to some protection as such ; and a creditor cannot remain passive and let the principal debtor be discharged before he calls on the surety for payment.

The true rule is, that any negligence on the part of the creditor which is injurious to the surety is sufficient to discharge the surety from liability.

If the defendant is now compelled to pay this debt, he has no remedy against the principal debtor.  The action of a surety against his principal is for money paid to his use, and such action cannot be sustained when the person for whose use it is claimed to be paid has ceased to be liable ; then it is not a payment for his use or for his benefit, and if any liability is created it must be by express contract.  (*Woodruff* v. *Moore*, 8 Barb. 171.)

The finding and judgment were not warranted by the evidence as to the amount.   As there was no proof of any usage or agreement to pay interest, and it appearing that the account was a running account, interest could not be charged or allowed.  (*Easterly* v. *Cole*, 3 Comst. 502 ; *Wood* v. *Hickox, et al.*, 2 Wend. 501.)

*J. P. Treadwell,* for Respondents.

I.   Defendant's liability became fixed when demand was made on Porter, and notice of nonpayment was given.   This was Sept. 1st, 1858, within one year of the sale.   The respondents had two years from that time in which to bring their action on the defendant's written promise.   A direct action against the appellant accrued to the respondents on demand from Porter, nonpayment and notice.   This action is founded on that liability.   Two years are given to prosecute it, and it was brought within the time.

If it were necessary for us to have sued Porter within one year, then it were a good answer to the present action, without more, that we have not yet sued Porter ; which we do not pretend ever to have done.

As to the supposed hardship that if the plaintiffs recover in the action, yet the defendant cannot recover over against Porter, it may be observed that the defendant's cause of action against Porter does not accrue until he pays the plaintiffs.   The Statute of Limitations will begin to run against it only from that time.

The various questions of law that usually arise under contracts like the one on which this action is brought, are discussed in the notes to *Lent* v. *Paddleford* and *Douglass* v. *Reynolds.*   (2 Am. Lead. Cases, 71, *et seq.*)

II.   No question as to the fifty-six dollars interest can be made in this record.   It is a question as to the mere *quantum* of damages ; and no question as to that can be raised in this Court for the first time.   The Practice Act specially provides " excessive damages " as one of the grounds for a new trial.   A new trial was not asked on that ground.

But there was no error in giving the fifty-six dollars interest as damages, though the plaintiffs may not have been entitled to interest as a matter of law.   (*McIlvaine* v. *Williams,* 12 N. H. 475 ; Sedg. on Dam. 385 ; 2 Comst. 139.)

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This suit is brought on a guaranty by defendant of a debt of or

Dunham *v.* Supervisors of Placer County.

for one Porter.    The only thing set up in defense which it is necessary to notice is, the plea that no suit has been brought to charge the original debtor, and that the Statute of Limitations bars the claim as to him.    But this is no defense.    After legally charging the defendant, the plaintiff was not bound to sue the principal ; at least, unless requested by the guarantor ; and the surety had in his own hands the means of protecting himself from loss by delay, by paying the debt and then suing the principal, or by filing a bill to compel the creditor to sue.    By the guaranty the defendant became the debtor of the creditor, and no other limitation could defeat the claim than that prescribed by law for the class of indebtedness evidenced by the paper.

Probably the charge of fifty-six dollars for interest is erroneous ; but this matter should have been brought distinctly to the notice of the referee, and objection taken to the judgment and finding on this account.

Judgment affirmed.