[S. F. No. 258.    Department Two.—February 23, 1897.]

MINNIE A. CARVER, APPELLANT, v. S. B. STEELE ET AL., RESPONDENTS.

PRINCIPAL AND SURETY—NEGLECT OF CREDITOR—LOSS OF REMEDY AGAINST PRINCIPAL—SURETY NOT DISCHARGED.—In general, unless some agreement or special circumstance imposes diligence upon the creditor as a duty, he does not, by mere failure to pursue the person primarily liable, discharge the guarantor, surety, or indorser, even though his passivity in this regard may result in barring his remedy against the principal debtor.

ID.—FAILURE OF MORTGAGEE TO FORECLOSE MORTGAGE—SALE UNDER PRIOR MORTGAGE—INDORSERS OF NOTE NOT DISCHARGED.—A mortgagee of land does not, by his mere failure to foreclose his mortgage lien, discharge the indorsers of the note to secure which the mortgage was executed; and such indorsers are not discharged or released by failure of the mortgagee to set up and foreclose his junior mortgage in an action to which he was a party, in which a prior mortgage was foreclosed, and a sheriff's deed of the mortgaged premises was given to the purchaser under such foreclosure.

ID.—PROMISE OF INDORSERS NOT SECURED BY MORTGAGE—LOSS OF REMEDY AGAINST MORTGAGOR IMMATERIAL.—The promise of the indorsers of a note secured by mortgage is distinct from the promise of the maker of the note and mortgage, and the loss of personal remedy against the maker of the note, or of the lien of the mortgage, in consequence of the nonaction of the mortgagee, is of no moment, so far as regards the liability of the indorsers of the note.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.    J. M. SEAWELL, Judge.

The facts are stated in the opinion.

*William F. Gibson*, for Appellant.

The mortgage did not secure the payment of the second note, as the first note having been settled the mortgage was extinguished.    (Civ. Code, sec. 2922; *Wells* v.

*Harter,* 56 Cal. 342; *German Sav. etc. Soc.* v. *Hutch-inson,* 68 Cal. 52.)   The mere failure of the mortgagee to foreclose the mortgage did not operate to release the indorsers on the mortgage note.   (*Farmers' Bank* v. *Raynolds,* 13 Ohio, 84; *Merchants' Nat. Bank* v. *Comstock,* 55 N. Y. 24; 14 Am. Rep. 168; 2 Am. & Eng. Ency. of Law. 387; *First Nat. Bank* v. *Wood,* 71 N. Y. 405; 27 Am. Rep. 66; *Lenox* v. *Prout,* 3 Wheat. 520; *United States* v. *Simpson,* 3 Penr. & W. 437; *Humphrey* v. *Hitt,* 6 Gratt. 509; 52 Am. Dec. 133; *Alcock* v. *Hill,* 4 Leigh, 622; *Sawyer* v. *Bradford,* 6 Ala. 572; *Butler* v. *Gambs,* 1 Mo. App. 466; *Ross* v. *Jones,* 22 Wall. 576; *Vandewater* v. *McRae,* 27 Cal. 596; *Allin* v. *Williams,* 97 Cal. 403; *Blumberg* v. *Birch,* 99 Cal. 416; 37 Am. St. Rep. 67; *Merced Bank* v. *Casaccia,* 103 Cal. 641.)

*Olney & Olney,* for Respondents.

The lien of the mortgage continued until the debt was paid, and the renewal of the note did not discharge it.   (Jones on Mortgages, sec. 924; Am. & Eng. Ency. of Law, tit. "Mortgages.")   The failure of the mortgagee to foreclose the mortgage discharged the maker of the note.   (*Brown* v. *Willis,* 67 Cal. 235; *Toby* v. *Oregon Pac. R. R. Co.,* 98 Cal. 494; Code Civ. Proc., sec. 726; *Porter* v. *Muller,* 65 Cal. 512; *Powell* v. *Patison,* 100 Cal. 239; *Barbieri* v. *Ramelli,* 84 Cal. 154; *Bull* v. *Coe,* 77 Cal. 54; 11 Am. St. Rep. 235; *Hall* v. *Arnott,* 80 Cal. 348; *Ould* v. *Stoddard,* 54 Cal. 613.)   By the discharge of the maker of the note the indorsers were discharged. (2 Parsons on Bills and Notes, 241; *Couch* v. *Waring,* 9 Conn. 261; Daniel on Negotiable Instruments, secs. 1303, 1311; *Burr* v. *Boyer,* 2 Neb. 265; Byles on Bills, 384; Story on Promissory Notes, 416; *Priest* v. *Watson,* 75 Mo. 310; 42 Am. Rep. 409; *Nassau Bank* v. *Campbell,* 17 N. Y. Supp. 737; 63 Hun, 229; *Mulford* v. *Estudillo,* 23 Cal. 95; *Morley* v. *Dickinson,* 12 Cal. 561; *Montgomery* v. *Sayre,* 91 Cal. 206; *Bank of Uniontown* v. *Mackey,* 140 U. S. 220.   See, also, *Biddel* v. *Brizzolara,* 64 Cal. 358-62; *Porter* v. *Muller, supra.*)

BRITT, C.—On March 18, 1889, one Staples borrowed of one Montgomery a sum of money; to secure its repayment Staples and S. B. Steele executed their promissory note payable in ninety days to E. W. Steele who indorsed the same to Montgomery; as between Staples and the Steeles they were sureties for him in this transaction. As further security for the loan Staples and his wife executed to Montgomery a mortgage, in form a bargain and sale deed, of a tract of land which was subject to a prior mortgage in favor of John and Louisa Bauerle. Finding that he would be unable to pay said note when due Staples agreed with Montgomery for an extension of time of payment, and on May 27, 1889, pursuant to such agreement, he executed to Montgomery a new note for the same sum payable August 27th after date, which was indorsed by the Steeles; thereupon the first note was surrendered and canceled. Staples entered into no new express engagement relative to the mortgage, though the court found an "understanding" that it should secure the new note. February 16, 1892, John and Louisa Bauerle commenced an action for the foreclosure of their prior mortgage against said land making Montgomery a party defendant; he made default, and on October 31, 1892, the land was sold under judgment of foreclosure in that action to satisfy the debt due the Bauerles, and in due time a sheriff's deed was issued to the purchaser. Subsequently to this judgment Montgomery assigned the said note of May 27, 1889, to the plaintiff here, Minnie A. Carver, who brought the present action to recover the amount thereof from E. W. and S. B. Steele as indorsers. The defense —sustained by the court below—is that Montgomery discharged Staples, the maker of the note, and consequently the indorsers, by failure to set up and foreclose his junior mortgage in the suit brought by the Bauerles to enforce their prior lien.

Conceding the point contended for by respondents, though without intimating any opinion on the subject, that the mortgage continued to be a security for the

payment of the renewed note in the hands of Montgomery at the time of the Bauerle foreclosure, we yet fail to discern that he was under legal compulsion to assert the same in order to hold the indorsers.   In general, unless some agreement or special circumstance imposes diligence upon the creditor as a duty, he does not, by mere failure to pursue the person primarily liable, discharge the guarantor, surety, or indorser, even though his passivity in this regard may result in barring his remedy against the original debtor.   (*Whiting* v. *Clark,* 17 Cal. 407; *Bull* v. *Coe,* 77 Cal. 54, 60; 11 Am. St. Rep. 235.)   Accordingly, the rule is that the creditor loses no rights against the indorser, whose liability has become fixed, by simple failure to enforce his lien against property mortgaged for security of the debt. (*First Nat. Bank* v. *Wood,* 71 N. Y. 405; 27 Am. Rep. 66; *Hoover* v. *McCormick,* 84 Wis. 215; *Fuller* v. *Tomlinson,* 58 Iowa, 111; Colebrooke on Collateral Securities, sec. 241, and cases cited.)   It is a familiar provision of our statutes that there can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real estate or personal property, which action must be first directed to the exhaustion of the security (Code Civ. Proc., sec. 726), and it is the theory of respondents that in virtue of this section the effect of Montgomery's default in the Bauerle suit was to preclude him from maintaining any personal action against Staples for the recovery of his debt; they cite *Brown* v. *Willis,* 67 Cal. 235, where it was so held; and hence, they say, that the maker being released the indorsers are released.   Admitting that *Brown* v. *Willis* was correctly decided, it does not reach respondents' case; their contract to pay Montgomery was not the same as that of Staples; "the promise of the maker of a note is one thing and the promise of an indorser is another"; and *their* promise was not secured by the mortgage held by Montgomery.   (*Vandewater* v. *McRae,* 27 Cal. 596, 603.)   And, as the authorities referred to above show, the loss of personal remedy against the

maker, or of the lien upon the mortgaged property, following as a consequence of mere inaction on the part of the holder, is of no moment in the case. The court therefore erred in holding that the indorsers had been released, and the judgment and order appealed from should be reversed.

Belcher, C., and Searls, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed.

Temple, J., McFarland, J., Henshaw, J.

Hearing in Bank denied.