[Civ. No. 3445. First Appellate District, Division Two.—December 22, 1920.]

# A. C. DUERR, Respondent, v. WILLIAM R. SLOAN et al., Appellants.

[1] APPEAL—AFFIRMANCE OF JUDGMENT—ENTRY OF JUDGMENT AGAINST SURETIES ON BOND—RIGHT OF STAY.—Where an appeal bond executed in accordance with section 942 of the Code of Civil Procedure provided that, if the defendant and appellant did not make payment within thirty days after the filing of the *remittitur* affirming the judgment, judgment might be entered against the sureties without notice, a stay of entry of judgment against them could be granted only upon a showing that such conditions did not exist, and the failure of the plaintiff to present a claim to the executors of the estate of the defendant, who died pending the appeal, is not a legal ground for such a stay and presents a new issue determinable, if at all, in a suit in equity.

[2] ID.—JUDGMENT AGAINST SURETIES—RIGHT OF APPEAL.—Sureties on an appeal bond providing that judgment may be entered against them without notice if the judgment appealed from is affirmed and the appellant does not make payment within thirty days after the filing of the *remittitur* have not the right of appeal from a judgment entered against them on the happening of such conditions.

[3] ID.—JUDGMENT AGAINST SURETIES—ORDER OF ENTRY BY PRESIDING JUDGE—LACK OF INJURY.—Sureties on an appeal bond providing for the entry of judgment against them without notice in the event that the judgment is affirmed and the appellant does not pay are not injured by reason of the fact that the judgment against them is ordered to be entered by the presiding judge instead of by the judge of the department to whom the cause has been reassigned, notwithstanding a rule of court providing for the making of motions in a cause to the department judge except in case of absence or inability to act, such rule not limiting the jurisdiction of the judges.

[4] ID.—FAILURE TO PRESENT CLAIM TO ESTATE OF DEBTOR—SURETIES NOT RELEASED.—Sureties on such a bond are not exonerated from liability by reason of the failure of the creditor to enforce his judgment against the estate of the deceased debtor, since such bond is a definite and specific promise to pay at a fixed time upon the sole condition that the debtor has not paid.

4. Effect of failure to present claim against the estate of a deceased or bankrupt principal, to release surety, note, 25 L. R. A. (N. S.) 139.

[5] SURETIES—EXONERATION—OMISSION OF PRINCIPAL—CONSTRUCTION OF CODE.—The "intervention or omission" of the creditor referred to in section 2825 of the Civil Code, providing that a surety is exonerated to the extent to which he is prejudiced by an omission of the creditor to do anything, when required by the surety, which it is his duty to do, is such intervention or omission as is mentioned in section 2840, that is, a deliberate and unjustifiable act of the creditor which lessens the security, or an omission to do something which it is his duty to do when required by the surety.

[6] JUDGMENT—STAY OF ENTRY — PROCEDURE. — Except in the special cases of a correction of the conclusions of law which are not supported by the findings of fact and of a judgment which is inconsistent with a special verdict, the code does not provide for a motion to stay the entry of a judgment valid on its face and based upon the consent of the parties, or to set aside such a judgment, or to recall execution thereon, where such motions are based upon extraneous facts which, if true, would make the entry and enforcement of such judgment inequitable, since in such a case the parties must resort to an independent suit in equity.

APPEALS from a judgment of the Superior Court of the City and County of San Francisco, and from orders denying motions to stay proceedings, to set aside judgment, and to recall execution. Daniel C. Deasy and George H. Cabaniss, Judges. Affirmed.

The facts are stated in the opinion of the court.

Sterling Carr for Appellants.

Keogh & Olds for Respondent.

NOURSE, J.—On the ninth day of April, 1914, plaintiff commenced an action against Sarah A. Bryan to recover the sum of $2,500 on an account stated; on the fourteenth day of May, 1917, judgment was rendered in favor of plaintiff and against the said Sarah A. Bryan for the sum prayed for; on the eleventh day of July of the same year the defendant Sarah A. Bryan served and filed her notice of appeal from said judgment, and on the following day filed a cost and stay bond in form prescribed by section 942 of the Code of Civil Procedure, with William R. Sloan and George A. Scott as sureties thereon. While said appeal was pending, and on the second day of April, 1918, said Sarah A. Bryan died,

and after probate proceedings were regularly taken William R. Sloan, her brother, and John S. Bryan, her son, were appointed executors of the estate and duly qualified as such. On the nineteenth day of August, 1918, while said appeal was still pending, the said executors, upon their own request and motion, were duly substituted as defendants in said action. On the fifteenth day of April, 1919, said judgment was affirmed by this court (*Duerr* v. *Sloan*, 40 Cal. App. 653, [181 Pac. 407]), and on the seventeenth day of June, 1919, the *remittitur* affirming said judgment was duly filed in the superior court. Pending the appeal the executors duly and regularly caused notice to creditors to be made, and the time for presentation of claims against the estate of said Sarah A. Bryan expired on the twenty-second day of March, 1919, or about four weeks prior to the affirmance of the judgment by this court. After the *remittitur* had been filed in the superior court as above stated, and on the eleventh day of July, 1919, the executors of said estate and the two sureties on the appeal bond gave notice of their intention to move the superior court for an order staying further proceedings on the part of plaintiff by virtue of the judgment, said motion being made upon the sole ground that the plaintiff in said action had failed to file with the executors of said estate a claim based upon her said judgment. Said motion was duly heard by the superior court, and on the sixteenth day of July, 1919, denied. On the following day counsel for the moving parties called upon the judge presiding in department No. 3 of said superior court, to which department said cause had been regularly assigned, and persuaded said judge to agree with him that no judgment would be entered against the sureties upon the appeal bond without giving said counsel an opportunity to appear and make objection thereto. On the eighteenth day of July, which was after the expiration of the thirty-day period from the filing of the *remittitur*, counsel for plaintiff appeared before the acting presiding judge of said superior court, who at that time was sitting in department No. 6 of said court, and made a motion that judgment be entered against the said sureties upon the appeal bond, said motion being based upon the bond and the record in said action. Said motion was granted

and judgment in favor of said plaintiff and against the
sureties William R. Sloan and George A. Scott in the
sum of $3,153.45, with interest and costs of suit, was
regularly entered and recorded on the nineteenth day of
July, 1919. Thereafter execution was issued upon said
judgment. The sureties obtained a stay of said execution
and moved the superior court to set aside the judgment
against them, and also to recall the execution, both
motions being made upon the ground that no claim had
been filed by plaintiff against the said estate, and upon
the ground that the judgment against them was irregularly
made by the acting presiding judge while sitting in de-
partment No. 6, as heretofore detailed. These motions
having been denied, four appeals were prosecuted: (1) An
appeal by the executors and the sureties from the order
denying the motion to stay the proceedings; (2) an ap-
peal by the sureties alone from the judgment entered
against them; (3) an appeal by the sureties from the
order denying their motion to set aside this judgment;
(4) an appeal by the sureties from the order denying
their motion to recall the execution. These four appeals
have been consolidated for hearing by stipulation of
counsel.

[1] (1) The appeal from the order denying the motion
to stay proceedings must be affirmed. The motion was
based upon the sole ground that the plaintiff had failed
to present a claim to the executors of the estate of the
deceased defendant. The motion did not present a legal
ground for the stay of the entry of a judgment against
the sureties. In the bond which they executed in ac-
cordance with section 942 of the Code of Civil Procedure,
they stipulated "that if the said defendant and appellant
does not make such payment within thirty days (30)
after the filing of the *remittitur* from the supreme court
in the court from which the appeal is taken, *judgment
may be entered* in the said action on motion of the plain-
tiff and respondent, and without notice to the undersigned
in her favor and against the undersigned and each of
them." This stipulation is a consent on the part of the
sureties that judgment may be entered against them
if the conditions contained in the stipulation exist and
without regard to any extraneous matters. Assuming,

therefore, that the superior court had jurisdiction to entertain a motion to stay the entry of judgment against the sureties, a stay could have been granted only upon a showing that these conditions did not exist. The failure to present a claim against the estate of the principal raised an entirely new issue, an issue which could not be determined upon a mere motion to stay the entry of the judgment, but, if at all, in a suit in equity where the sureties, having sought equity, would be required to do equity. In other words, when a party has consented to the entry of judgment against him upon certain specified conditions and within a certain fixed time, he cannot delay the entry of said judgment upon a mere motion based upon the ground that some unrelated facts have arisen which would make the entry of said judgment inequitable.

[2] (2) The appeal of the sureties from the judgment must be dismissed. By the stipulation which they made in the appeal bond they consented that judgment might be entered against them without notice if the defendant and appellant in the main suit failed to pay within thirty days after the filing of the *remittitur* in the superior court. Thus, at the expiration of thirty days from the date of the filing of the *remittitur*, the plaintiff in the main suit was entitled to the entry of judgment against the sureties, without notice to them, upon presentation of the record in the case showing that said judgment had not been paid within the time stipulated. Having consented to the entry of such judgment, the sureties cannot be heard in an appeal therefrom. (*Erlanger* v. *Southern Pac. R. R. Co.*, 109 Cal. 395, [42 Pac. 31]; *Mecham* v. *McKay*, 37 Cal. 154, 158; *Judnick* v. *Judnick*, 47 Cal. App. 380, [190 Pac. 480].) Nothing herein is inconsistent with *Hawley* v. *Gray*, 127 Cal. 560, [60 Pac. 437.] Where, as in that case, a judgment is entered prior to the expiration of the thirty-day period, it is not a "consent" judgment; that is to say, the judgment is not in accord with the consent given.

[3] (3) The appeal from the order denying the motion to vacate and set aside the judgment against the sureties must be affirmed. The first ground assigned—that it was improperly and irregularly entered by the presiding judge—is without merit. The facts alleged in the affidavit

and upon which this ground was urged are that the cause was originally tried in department No. 13; that when the *remittitur* came down the judge of that department was absent on his vacation and the cause was by the presiding judge reassigned to department No. 3; that the motion to stay the entry of the judgment was heard by the judge regularly sitting in department No. 3 and denied by him; that thereafter the record in the case was presented to the presiding judge, who at that time was sitting in department No. 6. The presiding judge ordered that judgment be entered in favor of plaintiff and against the sureties, and an amended order to that effect was duly and regularly entered in the records of department No. 3, with a recital that the presiding judge was "sitting for dept. No. 3." It is argued that the judge regularly assigned to department No. 3 of the superior court was present throughout the whole of this particular day when this order was made and that it was unnecessary for counsel for plaintiff to appeal to the presiding judge for the order. The rules of the superior court are cited to the effect that motions connected with a case if made in open court shall be made in the department to which the case has been assigned, and that if the motion is made at the chambers it must be made to the judge of that department, except in case of his absence or inability to act. The clear purpose of this rule is to save the various judges from imposition; it does not limit their jurisdiction. In the present case, however, there is no discretion left to the judge, the duty of entry of judgment being mandatory. Appellants were not entitled to a hearing on the motion and it could have been made at any time after the expiration of the thirty-day period without notice. The court had to decide upon the record and files of the case the single question of law whether or not plaintiff was entitled to judgment. (*Meredith* v. *Santa Clara Min. Assn.*, 60 Cal. 617, 621; *Gray* v. *Cotton*, 174 Cal. 256, 258, [162 Pac. 1019].) Facts recited in the affidavit filed in support of an unauthorized motion to suspend proceedings were no part of the record. Appellants, therefore, have suffered no injury by the fact that the judgment was ordered entered by the presiding judge rather than the judge regularly sitting in department No. 3.

[4] The second ground upon which the motion to set aside the judgment was made, like the motion to stay the proceedings, raises a new issue, namely, the failure of the creditor to pursue her remedy against the estate of the deceased principal. This ground, which in fact is the basis of all four appeals, is that because respondent is unable to enforce her judgment against the estate of the appellant in the original case, the sureties on the bond for that appeal are now relieved from all liability. Assuming that this question could be raised in the manner attempted by appellants in this case, it is sufficient to say that the great weight of authority is against the position urged by them. The bond which they signed was a definite and specific promise to pay at a fixed time after the filing of the *remittitur* affirming the judgment upon the sole condition that the original debtor had not paid. No obligation was placed upon respondent to seek payment from the appellant prior to enforcing the obligation of the sureties. [5] Section 2844 of the Civil Code provides that the surety has all the rights of a guarantor. Section 2825 of the same code provides that ''a guarantor is not exonerated by the discharge of his principal by operation of law, without the intervention or omission of the creditor.'' Section 2840 of the same code provides that ''a surety is exonerated: 1. In like manner with a guarantor; 2. To the extent to which he is prejudiced by any act of the creditor which would naturally prove injurious to the remedies of the surety or inconsistent with his rights, or which lessens his security; or, 3. To the extent to which he is prejudiced by an omission of the creditor to do anything, when required by the surety, which it is his duty to do.'' These sections must all be read together, and so reading them it must follow that the ''intervention or omission'' of the creditor referred to in section 2825 is such intervention or omission as is mentioned in section 2840—that is, a deliberate or unjustifiable act of the creditor which lessens the security or an omission of the creditor to do something which it is his duty to do when he is required to do so by the surety. The right to demand a creditor to proceed against his principal is very strictly defined by section 2845 of the same code. It does not appear that any demand was made by the sureties in this case upon the creditor that she present her claim to the

executors of the estate; but even if one were made, it is apparent that it would not come within the terms of section 2845, the failure to comply with which would result in exoneration of the sureties.

The precise question was determined by the supreme court of North Dakota in *Yerxa* v. *Ruthruff,* 19 N. D. 13, [Ann. Cas. 1912D, 809, 25 L. R. A. (N. S.) 139, 120 N. W. 758], where the court, in holding that the failure of the creditor to present a claim against the estate of the deceased principal did not exonerate the sureties, said: "It is no part of his contract that he will take active measures to collect the debt. The duty to act rests with the debtors. . . . Appellant could have paid the note and filed the amount she was obliged to pay as a claim against the estate of her codefendant, or she could, without paying it, have filed it as a contingent claim against the said estate, and thus have protected herself." In the case at bar the sureties could have protected themselves in like manner. If they did not do so it was no fault of the creditor. In any event, the great weight of authority is that the failure of a creditor to file his claim against the estate of the principal debtor does not release the surety. California cases supporting this general principle are: *Sichel* v. *De Carrillo,* 42 Cal. 493, 500; *Bull* v. *Coe,* 77 Cal. 54, 60, [11 Am. St. Rep. 235, 18 Pac. 808]; *Los Angeles* v. *Lankershim,* 100 Cal. 525, 534, [35 Pac. 153, 556]; *Murdock* v. *Brooks,* 38 Cal. 596, 604; *London etc. Bank* v. *Smith,* 101 Cal. 415, 420, [35 Pac. 1027]; *Carver* v. *Steele,* 116 Cal. 116, 119, [58 Am. St. Rep. 156, 47 Pac. 1007]; *Kinsel* v. *Ballou,* 151 Cal. 754, 761, [91 Pac. 620]; *Whiting* v. *Clark,* 17 Cal. 407, 411.

In *Bull* v. *Coe,* 77 Cal. 60, [11 Am. St. Rep. 235, 18 Pac. 810], the court said: "It was well settled in this state, as elsewhere, that mere delay of the creditor to proceed against the principal would not discharge the surety." (Citing cases.) "And this is still the law. (*Preston* v. *Hood,* 64 Cal. 408, [1 Pac. 487]; Civ. Code, sec. 2823.) In extension of this principle it was held that the surety was not discharged, even if the delay of the creditor was such that his remedy against the principal became barred by limitation. (*Whiting* v. *Clark,* 17 Cal. 407.) And it was but a short step from this to the position that the loss of the creditor's remedy against the estate of the principal by

nonaction as to the presentation of the claim, did not discharge the surety. This was the decision in *Sichel* v. *De Carrillo,* 42 Cal. 493. And the point has been ruled the same way in other states.''

In *Carver* v. *Steele,* the court expressed the general rule as follows (116 Cal. 119, [58 Am. St. Rep. 156, 47 Pac. 1008]) : ''In general, unless some agreement or special circumstance imposes diligence upon the creditor as a duty, he does not, by mere failure to pursue the person primarily liable, discharge the guarantor, surety or indorser, even though his passivity in this regard may result in barring his remedy against the original debtor.''

In the case at bar there was no agreement or special circumstance imposing upon the creditor the duty to present her claim against the estate. So far as appears from the record the estate may have been insolvent and the presentation of such a claim would have been an idle and useless formality. Again, if she had done so, it is not at all unlikely that she would have been met with the argument that she had waived the right of payment of the claim within thirty days from the filing of the *remittitur* and had consented to await payment of her claim in due course of administration. She was at all times entitled to rest upon the stipulations in the bond that the sureties would pay within thirty days from the filing of the *remittitur* if the judgment had not been paid by the principal debtor. It would not have been her duty to seek payment from the original debtor if she had been alive when the *remittitur* came down, and no process of reasoning can sustain the proposition that such a duty was imposed upon her by the death of the original debtor.

(4) The appeal from the order denying appellants' motion to recall the execution is based upon the same grounds urged on the motion to set aside the judgment, and for the reasons heretofore given said order must be affirmed.

[6] In affirming the orders involved in the three appeals heretofore discussed, it is proper to say that such action should not be taken as in any way indicating that any of said motions conform with our method of procedure. This statement seems necessary because counsel have cited opinions of the appellate courts affirming similar orders and have inferred therefrom that such opinions justify the

procedure taken. The rules of procedure are to be determined from the Code of Civil Procedure and not from inferences, drawn from opinions of the appellate courts. When a party has recovered a judgment he should not be denied the fruits of that judgment by frivolous and vexatious motions not authorized by the prescribed forms of procedure. In *Benning* v. *Superior Court*, 34 Cal. App. 296, 299, [167 Pac. 291, 293], it was said: "A judgment can be nullified by the court which rendered it only, first, on motion for a new trial; second, by a motion under the provisions of section 473 of the Code of Civil Procedure, where the judgment is inadvertently made and where application is made to set it aside within six months; third, by motion therefor at any time where the judgment is void on its face; fourth, by an independent suit in equity where the judgment is regular on its face but extrinsically void for want of jurisdiction, or by reason of fraud or mistake." A petition for hearing in the supreme court in that case was denied and the statement quoted can be taken as fairly declaring the law of this state upon that subject. Possibly, to be more exact, reference should be made to the provisions of section 663 of the Code of Civil Procedure, which covers the special case of a correction of the conclusions of law which are not supported by the findings of fact and a judgment which is inconsistent with a special verdict. But, except in the cases just noted, the code does not provide for a motion to stay the entry of a judgment valid upon its face and based upon the consent of the parties, or to set aside such a judgment, or to recall execution issued thereon where such motions are based upon extraneous facts which, if true, would make the entry and enforcement of such judgment inequitable. For relief in such a case the parties must resort to an independent suit in equity.

The appeal from the judgment is dismissed. The orders involved in the other appeals are affirmed.

Langdon, P. J., and Brittain, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 17, 1921.

All the Justices concurred.