[S. F. No. 15125. In Bank.—November 1, 1934.]

J. A. GAFFIGAN, Appellant, v. FREDERICK H. LAWTON et al., Defendants; NATIONAL SURETY COMPANY OF NEW YORK (a Corporation), Respondent.

J. W. Coleberd for Appellant.

R. P. Wisecarver for Respondent.

THE COURT.—This is an action against a contractor and his surety to recover for labor and materials furnished for the erection of a building. The defendant National Surety Company was served, and set up the defense of the statute of limitations by demurrer. The lower court sustained the demurrer without leave to amend, and plaintiff appealed. While the appeal was pending the defendant corporation was dissolved by decree of the Supreme Court of New York, and George S. Van Schaick, as superintendent of insurance of said state, was substituted as a defendant.

The lower court proceeded upon the theory that the contract of plaintiff with the contractor was oral, the contractor agreeing to pay upon the completion of the building, and the action was brought more than two years thereafter; that therefore the action against the contractor was barred by the statute (Cal. Code Civ. Proc., sec. 339); and that liability of the surety, being collateral, was discharged when the principal debt was so barred.

This view is untenable for several reasons. First, the bond itself was executed not only by the surety but by the contractor who was the principal, and it would follow that the latter's obligation was evidenced by a written contract, and hence subject to the four-year statute of limitations (Cal. Code Civ. Proc., sec. 337), which had not run when the action was commenced. Second, our Civil Code provides that a guarantor "is not exonerated by the discharge of his principal by operation of law, without the intervention or omission of the creditor" (Cal. Civ. Code, sec. 2825); and that a surety is exonerated "in like manner with a guarantor". (Cal. Civ. Code, sec. 2840.) Third, although there is conflict in the authorities, the more reasonable and logical rule, supported by a number of cases, is that the obligation of the surety remains notwithstanding the fact that

the statute of limitations has run on the obligation of the principal. (*Willis* v. *Chowning*, 90 Tex. 617 [40 S. W. 395, 59 Am. St. Rep. 842] ; Arant on Suretyship, pp. 181, 313; Spencer on Suretyship, p. 285; Stearns on Suretyship, 3d ed., p. 132.) The rule was followed in this state in the early case of *Whiting* v. *Clark*, 17 Cal. 407, and subsequently approved in *Bull* v. *Coe*, 77 Cal. 54, 60 [18 Pac. 808, 11 Am. St. Rep. 235]. The same principle is involved, and the same result is reached where the creditor fails to present his claim against the estate of a deceased principal. The surety is not discharged. (*Bull* v. *Coe, supra; Duerr* v. *Sloan*, 50 Cal. App. 512 [195 Pac. 475] ; *Yerxa* v. *Ruthruff*, 19 N. D. 13 [120 N. W. 758, Ann. Cas. 1912D, 809, 25 L. R. A. (N. S.) 139] ; Arant on Suretyship, p. 313.) The case of *Towle* v. *Sweeney*, 2 Cal. App. 29 [83 Pac. 74], is in conflict with the principles established in the foregoing decisions, and must be disapproved.

The judgment is reversed.