[Civ. No. 5532. Third Appellate District.—February 27, 1936.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ·ASSOCIATION (a National Banking Association), Respondent, v. MAX GOLDBERG et al., Defendants; ABRAHAM HOROVITZ, Individually and as Administrator, etc., Appellant.

James R. Jaffray for Appellant.

Louis Lombardi for Respondent.

PULLEN, P. J.—This is an appeal from a judgment of foreclosure of a mortgage upon real property. The note secured by the mortgage was executed by Max Goldberg and Rebecca Goldberg, and signed by Abraham Horovitz as guarantor, in the following terms:

"For value received I hereby guarantee payment of the within obligation and all renewals or extensions thereof, and I hereby waive presentation, demand, protest and notice of protest and notice of nonpayment. Abraham Horovitz."

In the action of foreclosure the defendants were Max Goldberg, Abraham Horovitz, Lea Horovitz, his wife, Abraham Horovitz, as administrator of the estate of Rebecca Goldberg, deceased, and Title Guaranty and Trust Company. The only answer filed was that of Abraham Horovitz and Lea Horovitz, his wife, and default of all others was duly entered. Subsequently the action was dismissed as to Lea Horovitz.

Rebecca Goldberg, one of the makers of the note, died prior to the commencement of this action, leaving an estate which included the real property encumbered by the mortgage. In the complaint on foreclosure it is set forth that no claim had been filed against the estate of Rebecca Goldberg upon the note and mortgage and that plaintiff thereby waived all recourse against any property belonging to the estate of Rebecca Goldberg, deceased, other than the mortgaged property and waived all claim for a deficiency judgment or for costs or counsel fees against the estate, as provided in section 716 of the Probate Code.

Upon the trial in which the only defendant appearing was Abraham Horovitz, individually and as administrator of the estate of Rebecca Goldberg, deceased, a decree was entered awarding to plaintiff as against defendant Horovitz individually the sum of $10,377, being the principal and interest on the note, which he had signed as guarantor. Against Goldberg, the comaker who defaulted, the amount of principal and interest was awarded, together with an additional amount for certain expenditures, attorney fees and costs. Against the estate of Rebecca Goldberg was awarded the principal and interest found due, certain money expended under the terms of the mortgage, costs, and attorney fees, and ordering the mortgaged property sold to pay such amounts, and for a deficiency

judgment against Max Goldberg as maker, and Abraham Horovitz as guarantor, if such deficiency shall occur.

From this judgment and decree Horovitz, individually and as administrator, appeals.

It is apparently the contention of appellant that by the waiver of plaintiff of all recourse against the property of the estate of Rebecca Goldberg other than the mortgaged property and the waiver of any deficiency against the estate, thereby Horovitz was discharged of liability under his guarantee. In this, however, plaintiff is in error. In *Carver* v. *Steele,* 116 Cal. 116 [47 Pac. 1007, 58 Am. St. Rep. 156], where it was claimed the mortgagee by his failure to foreclose his mortgage lien discharged the endorsers of the note, it was held: "In general, unless some agreement or special circumstance impose diligence upon the creditor as a duty, he does not, by mere failure to pursue the person primarily liable, discharge the guarantor, surety or endorser, even though his passivity in this regard may result in barring his remedy against the original debtor. (Citing cases.) Accordingly, the rule is that the creditor loses no rights against the endorser, whose liability has become fixed, by simple failure to enforce his lien against property mortgaged for security of the debt."

In *Sichel* v. *Carrillo,* 42 Cal. 493, an action was brought to foreclose a mortgage executed by the husband and his wife upon land which was the separate property of the wife. The notes were executed by the husband alone and were to evidence the private obligations of the husband. Before the commencement of the action the husband died, and the notes were never presented against his estate. The Supreme Court held that despite the failure to present a claim against the husband's estate, the wife who stood in the position of a surety, so far as her land was concerned, was not discharged.

In *Duerr* v. *Sloan,* 50 Cal. App. 512 [195 Pac. 475], the court announced the rule, "In any event, the great weight of authority is that the failure of a creditor to file his claim against the estate of the principal debtor does not release the surety." (See, also, notes in 25 L. R. A. (N. S.) 139; 50 A. L. R. 1214.)

Section 707 of the Probate Code offered an opportunity to Horovitz, if he was so advised, to protect himself by filing a

contingent claim against the estate of the principal debtor. The fact that he was the administrator of the estate of Rebecca Goldberg showed he had notice of her death.

The pleadings are not before us, but it is suggested in the brief of respondent that the answer filed by Horovitz failed to plead affirmatively any release by reason of the facts now urged. It is a well-established rule that a guarantor, relying upon a release, must affirmatively plead and prove the facts establishing such release. It cannot be raised for the first time on appeal. (*Bull* v. *Coe,* 77 Cal. 54 [18 Pac. 808, 11 Am. St. Rep. 235].)

Appellant argues that the judgment as entered violates section 716 of the Probate Code, which provides that if a claim against an estate is not first filed with the clerk or presented to the executor or administrator no action shall be maintained, except such action may be brought by the holder of a mortgage to enforce the same against the property of the estate, if all recourse against any other property of the estate is expressly waived in the complaint; but no counsel fees shall be recovered in such action unless the claim was filed or presented.

An examination of the decree in so far as it concerns the estate of Rebecca Goldberg indicates some confusion and uncertainty. It provides that the commissioner shall out of the proceeds from the sale first deduct his fees, disbursements, and commissions of sale; next the costs of suit; thirdly, pay to plaintiff the total sum of $11,398.19 for principal, interest, expenditures under the terms of the mortgage and attorney fees, and interest from date of decree.

However, in conformity with the provisions of section 716 of the Probate Code, and also to conform to a stipulation contained in the complaint wherein plaintiff waived all recourse against any property belonging to the estate, other than the mortgaged property, and expressly waived all claim for a deficiency judgment or for costs or counsel fees, the decree should be modified.

It is therefore the order of this court that the judgment appealed from be affirmed except that portion of the decree pertaining to the liability of the estate of Rebecca Goldberg, which should be modified by directing that the lien on the property of the estate be for the principal sum of the note,

any expenditures made under the provisions of the mortgage for the care and preservation of the property, and interest as provided in the note or mortgage, and as so modified the judgment is affirmed. Each party to bear their own costs.

Thompson, J., and Plummer, J., concurred.