[Civ. No. 45669. Second Dist., Div. One. Nov. 6, 1975.]

COUNTY OF LOS ANGELES, Plaintiff and Appellant, v.
SECURITY INSURANCE COMPANY
OF HARTFORD, Defendant and Respondent.

[Civ. No. 46185. Second Dist., Div. One. Nov. 6, 1975.]

SECURITY INSURANCE COMPANY
OF HARTFORD, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES
COUNTY, Respondent;
COUNTY OF LOS ANGELES, Real Party in Interest.

**COUNSEL**

John H. Larson, County Counsel, and Arnold K. Graham, Deputy County Counsel, for Plaintiff and Appellant and for Real Party in Interest.

No appearance for Respondent.

Ives, Kirwan & Dibble, Martin J. Kirwan and Peter M. Fonda for Defendant and Respondent and for Petitioner.

## OPINION

**THOMPSON, J.**—In the case at bench, we deal with an appeal by plaintiff County of Los Angeles from a dismissal pursuant to Code of Civil Procedure section 581a for failure to serve and return summons within three years. In a companion petition for writ of mandate filed by defendant Security Insurance Company of Hartford, we consider whether a new complaint in identical terms to that dismissed, filed after the order of dismissal, is barred by the statute of limitations. We conclude that the county failed to establish an exemption from the operation of Code of Civil Procedure section 581a and that consequently the trial court correctly granted defendant's motion to dismiss. We conclude also that the declarations and file establish that plaintiff-county's causes of action against defendant accrued more than four years prior to the date on which the second complaint was filed and that consequently the trial court abused its discretion in denying defendant's motion for summary judgment.

On November 21, 1968, plaintiff, County of Los Angeles, filed the complaint (No. 943473) which commenced the case at bench. The complaint alleges that Puente Knolls Development Company and Lee Reise contracted with the county on November 11, 1963, to perform street and incidental development work on a subdivision, the work to be completed within 12 months of recordation, subject to the right of the county's board of supervisors to extend the time for performance, the work not to be deemed complete until accepted by the board. It alleges that defendant's predecessor in interest executed a bond as surety for the performance of the contract, the bond to be exonerated if the contract work is "done and performed at the times and in the manner specified." The complaint asserts that defendant's predecessor in interest also executed a bond to insure developers' payment of inspection fees. A separate cause of action alleges that defendant's predecessor in interest and developers agreed, in consideration of the county's approval of a final tract map, to complete the "installation of buttress fills and other corrective work" "within 12 months from the date of recordation of said tract," and that defendant's predecessor in interest executed a surety bond to insure performance of the agreement. Provisions with respect to

acceptance and exoneration of the bond identical to those in the street contract and bond are contained in the "buttress fill" contract and bond. The "buttress fill" contract also contains a provision for extension of the time of performance by the board of supervisors. In still another cause of action, the complaint asserts liability against defendant on a grading permit bond insuring that grading be performed "to the satisfaction of the County Engineer and completed within the time specified in the grading permit." The grading permit bond contains a provision for the extension of time of performance by the county engineer. The bond states: "It is understood that the liability of the principal and surety upon this bond shall be in effect from the date hereof and shall remain in effect until the completion by the principal to the satisfaction of the County Engineer . . . ." It exonerates defendant only if there is timely performance by its principal. The permit itself is a printed form containing a space stating "work to be completed within — days." The blank is not filled in.

Breach of the various agreements alleged in the complaint is attributed to developers and defendant on its bonds.

The original complaint was not served. On April 2, 1971, the county filed a first amended complaint. The first amended complaint differs from the original complaint only in eliminating the cause of action on the bond to insure payment of inspection fees and in adding defendant as a named party in addition to its predecessor in interest. The first amended complaint was served and the summons returned on December 22, 1971, three years and one month after the original complaint was filed.

On January 28, 1972, defendant filed its motion to dismiss the first amended complaint, contending that summons was not served and returned within three years of the commencement of the action as required by Code of Civil Procedure section 581a. A declaration in support of the motion states the dates of filing of the original and first amended complaint and that there was no stipulation extending the time for serving or returning summons. County's opposition to the motion to dismiss is unsupported by a declaration. The unverified opposition asserts that county substantially complied with Code of Civil Procedure section 581a because service and return of summons was only one month late. It claims that the property in question was "affected by a landslide" and only temporarily repaired by a savings and loan institution which had acquired it from the original developers. The opposition claims that

the complaint was filed to prevent the running of the statute of limitations, but that it was not served to permit "extra time for the principal or the surety to perform all of the terms and conditions of their contract, especially in light of the 'temporary improvements . . . .' " The opposition claims that defendant is aware of the county's "policy" not to use a "lawsuit as a weapon" but to file it to "protect itself from the running of the statute of limitations, meanwhile granting defendants extra time to perform their contract without having to defend a lawsuit at the same time." In addition, the county's opposition to the motion to dismiss asserts that dismissal will result in a windfall to defendant out of an assumed security posted by developers to obtain the bond and will cause a hardship to the residents of the subdivision by reason of inadequate street service. Finally, the opposition argues that defendant's obligation on its bonds is a continuing one so that dismissal should not be granted in order to avoid multiplicity of actions.

The trial court granted the motion and entered its order dismissing the action on March 6, 1972. The county appealed from the order.

On March 7, 1972, the county filed a new action (No. C24400) against the same parties named as defendants in the dismissed first amended complaint. The complaint filed on March 7, 1972, is identical in all relevant respects to the first amended complaint which had been dismissed. Defendant answered the new complaint and included an affirmative defense alleging that the four-year statute of limitations contained in Code of Civil Procedure section 337 had run on any liability alleged against it. By interrogatories addressed to and answered by the county, defendant established that the board of supervisors had not extended the time for performance of the street and incidental work of the subdivision contract or of the buttress fill contract. The interrogatories and answers also established that the county did not contend that the county engineer had extended the time for performance to the requirements of the grading permit. Other interrogatories and answers established that the parties had agreed that the grading permit required performance within 90 days from September 4, 1963, that performance of the street contract was due on November 21, 1964, and the buttress fill contract required performance by the same date.

Based upon the contracts and grading permit incorporated in the county's complaint and the interrogatories and answers, defendant moved for a summary judgment, arguing that the bar of the statute of limitations was established as a matter of law. The county resisted the

motion with points and authorities, claiming: (1) defendant's obligation on the bonds continues until the bonded work is completed and accepted or until the surety pays for completion up to the amount of the bond; and (2) dismissal is contrary to public policy because it will result in a windfall to defendant of security posted with it by the developer and will cause a hardship to residents of the subdivision from the failure to complete the streets. The opposition to the motion is supported only by an affidavit of counsel stating in conclusionary terms that defendant's obligation is a continuing one that has not been released by county.

The trial court denied defendant's motion for summary judgment. Defendant filed a petition for writ of mandate seeking an order of this court directing the trial court to grant the motion. The petition for writ of mandate was consolidated with the pending appeal.

*Dismissal for Failure to Serve
and Return Summons*

■ The trial court correctly granted defendant's motion to dismiss for the county's failure to serve and return the summons within three years from the date of commencement of the action. Code of Civil Procedure section 581a, subdivision (a), states that "[n]o action . . . shall be . . . prosecuted . . . unless the summons on the complaint is served and return made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action." ■ Despite its mandatory wording, section 581a is subject to a further implied exception where it is impracticable, impossible, or futile to comply (*Wyoming Pacific Oil Co.* v. *Preston*, 50 Cal.2d 736, 740 [329 P.2d 489]; *Busching* v. *Superior Court*, 12 Cal.3d 44, 53 [115 Cal.Rptr. 241, 524 P.2d 369]). The section is also inapplicable where a defendant's conduct estops his reliance upon it. (*Tresway Aero, Inc.* v. *Superior Court*, 5 Cal.3d 431, 441-442 [96 Cal.Rptr. 571, 487 P.2d 1211].)

■ Here the summons was not served and returned until one month past the required three-year period. (*Perati* v. *Atkinson*, 230 Cal.App.2d 251, 253 [40 Cal.Rptr. 835], the action commenced when the original complaint was filed.) There was no stipulation extending the time to serve and return the summons. Since the motion to dismiss is not a general appearance, there is none by defendant. (Code Civ. Proc., § 581a, subd. (e).) Unless the case at bench satisfies the requirements of an

implied exception to the requirements of section 581a, the trial court was compelled to dismiss the complaint. No implied exception is present. None of the excuses from the requirements of the section asserted by the county in the trial court and repeated on this appeal is valid. Tardy compliance is not sufficient if without excuse. (*Busching* v. *Superior Court, supra,* 12 Cal.3d 44, 50, return of summons two days late requires dismissal.) Nothing in the county's argument so much as implies that its compliance with the time requirements of section 581a was impracticable, impossible, or futile. Nothing supports the conclusion that defendant is estopped to assert the requirements of section 581a. The plaintiff's failure to "make a showing of any acts or failure to act by [the] defendants during the statutory period which lulled [it] into a false sense of security or which caused [it] to forbear to do something which [it] would otherwise have done" is fatal to the contention that defendant is estopped to assert section 581a. (*Busching* v. *Superior Court, supra,* 12 Cal.3d 44, 53.) The existence of a continuing cause of action does not exempt a plaintiff from the requirements of section 581a. In that situation, the plaintiff's remedy lies in filing a new complaint after dismissal. (*Elling Corp.* v. *Superior Court,* 48 Cal.App.3d 89, 96 [123 Cal.Rptr. 734].) Assuming, but by no means deciding that unjust enrichment to defendant might in some way constitute an estoppel in favor of the county or that damage to the owners of property in the subdivision might be the basis of such a bar, those facts are nowhere established by any declaration filed by the county. It is the county's burden to establish an exception to section 581a. (*Busching* v. *Superior Court, supra,* 12 Cal.3d 44, 53.) Having failed to establish the factual basis of its claimed exceptions by the record, its claims must fail.

### *Summary Judgment*

■ The record before the trial court on defendant's motion for summary judgment compelled the trial court to grant the motion. ■ A defendant is entitled to a summary judgment where the record establishes as a matter of law that a cause of action asserted against him cannot prevail. (4 Witkin, Cal. Procedure (2d ed.) Proceedings Without Trial, § 173, (1975 Supp.) § 173A.) ■ Here the record establishes that the county's cause of action against defendant is barred by the statute of limitations asserted as an affirmative defense in defendant's answer.

Code of Civil Procedure section 337, subdivision 1, states that an action upon an obligation in writing must be commenced within four

years from the time it accrues. Section 337 applies to the obligation of a surety or guarantor. (*Chas. F. Harper Co.* v. *DeWitt etc. Co.,* 10 Cal.2d 467, 470 [75 P.2d 65]; *Dussol* v. *Bruguiere,* 50 Cal. 456, 459; *Martindell* v. *Bodrero,* 256 Cal.App.2d 56, 62 [63 Cal.Rptr. 774].) Here the causes of action against the defendant surety on the two contract bonds accrued on November 21, 1964; the cause of action on the grading permit bond accrued on December 2, 1963, when the principal failed to perform its obligations within the time required for performance. (*Brock* v. *Western Nat. Indem. Co.,* 132 Cal.App.2d 10, 16 [281 P.2d 571]; see also *Bloom* v. *Bender,* 48 Cal.2d 793, 798 [313 P.2d 568].) The complaint was not refiled after dismissal until March 7, 1972, over six years after the causes of action against defendant accrued.

The four-year statute of limitations expressed in Code of Civil Procedure section 337 thus bars the county's causes of action asserted against defendant.

The county seeks to avoid the impact of section 337 arguing: (1) that discharge of the principal by the running of the statute of limitations does not exonerate defendant's obligation on the bond; and (2) that defendant has a continuing obligation on the bond. The first argument correctly states the law (*Gaffigan* v. *Lawton,* 1 Cal.2d 722, 723-724 [37 P.2d 79]; *Bloom* v. *Bender, supra,* 48 Cal.2d 793, 798) but is irrelevant. Defendant's motion for summary judgment is not based upon the running of the statute of limitations upon the obligation of its principal but rather upon the running of the statute of limitations upon its own obligation as surety. The county's second argument is contrary to the record. While the county's declaration in opposition to the motion for summary judgment states the legal conclusion that the bonds impose a continuing obligation upon defendant extending past the time of breach of the guaranteed obligation by its principal, we must construe the contracts themselves to determine the nature of the obligation created since there is no extrinsic evidence of meaning offered by the county. (*Continental Casualty Co.* v. *Hartford Acc. & Indem. Co.,* 243 Cal.App.2d 565, 570 [52 Cal.Rptr. 533].) The written instruments obligate defendant as surety of the timely performance of its principal but do not impose a further continuing obligation upon defendant to perform.

The street and "buttress fill" contracts specifically require performance by the principal within 12 months of a specified date. While each contract states that the work required of the principal is not to be deemed complete until it is accepted by the board of supervisors, that

language must be construed as setting a standard of performance rather than as imposing an open-ended obligation. The contracts themselves permit the county to grant an extension of time for performance. Had the county elected to do so, it would have prevented the accrual of a cause of action and the commencement of the statute of limitations. By not granting an extension of time and electing to treat the failure of the developers to perform as a breach of contract, the county caused the running of the statute to commence.

■    The grading permit bond presents a closer situation. It contains language to the effect that the liability of the principal and surety shall be in effect until completion of the work by the principal to the satisfaction of the county engineer. However, that language must be read in conjunction with the provision of the bond permitting extensions of time of performance to be granted by the county. Together, the clauses indicate that the liability of the principal and surety is coextensive in time and that a cause of action accrued on the bond when the principal failed to perform within the time required. Together, the clauses indicate that the obligation of the surety did not continue to accrue after the county elected not to grant an extension of time.

The judgment (order of dismissal) in case number 943473 is affirmed. Let a peremptory writ of mandate issue in case number C24400 directing the superior court to grant defendant's motion for summary judgment.

Wood, P. J., and Hanson, J., concurred.