[No. 12055. In Bank.—June 27, 1888.]

ALPHEUS BULL, APPELLANT, *v.* JOHN T. COE, ADMINISTRATOR ETC. OF CHARLES L. STRONG, DECEASED, ET AL., RESPONDENTS.

ACKNOWLEDGMENT BY MARRIED WOMAN OF INSTRUMENT REFERRING TO ANOTHER DOCUMENT — DUTY OF NOTARY. — Where an instrument signed by a married woman refers to another document, not before the notary, he does his whole duty if he makes her acquainted with the contents of the instrument before him. He need not explain the contents of the document referred to.

ID. — DELIVERY OF THE INSTRUMENT TO THE HUSBAND TO ENABLE HIM TO RAISE MONEY — AUTHORITY OF THE HUSBAND IN SUCH CASE. — Where

a wife signs and acknowledges a deed of her property, and delivers it to her husband for the purpose of enabling him to borrow money from the grantee, and does not limit the amount to be raised, he is authorized to deliver the deed to the grantee for such amount as he thinks best, and to agree upon the terms of the loan.

LOAN BY ONE PARTNER TO ANOTHER NOT A PARTNERSHIP TRANSACTION — SUIT BETWEEN PARTNERS BEFORE SETTLEMENT OF ACCOUNTS. — Where one partner borrows money from another for the purpose of putting it into the firm, and does put it into the firm, the loan is not a partnership transaction, and the lender can sue for the money without a settlement of the partnership accounts.

LOAN SECURED BY MORTGAGE ON DIFFERENT PIECES OF REAL PROPERTY — FORECLOSURE AS TO ONE OF THE SECURITIES WITHOUT PERSONAL DEMAND — WAIVER OF OMITTED SECURITY. — Where a loan is secured by mortgage upon different pieces of real property, the lender may foreclose as to one of the securities only, if he does not seek a personal judgment against the defendant. While the effect of this would be to waive the omitted security, the lender is at liberty to make such waiver if he chooses.

SURETY — PRESENTATION OF CLAIM AGAINST ESTATE OF PRINCIPAL DEBTOR. — The liability of a surety is not affected by the failure to present a claim against the estate of the principal debtor. The debt of the principal, although barred, is not extinguished.

ID. — HOMESTEAD. — Where a mortgage covers a homestead upon the separate property of the wife, and the creditor waives all claims against the husband's estate, he need not present a claim against such estate.

SURETY — PROPERTY OF WIFE MORTGAGED TO SECURE THE HUSBAND'S CONTRACT — DISCHARGE OF SURETY BY RELEASE OF PRINCIPAL DEBTOR BY ACT OF CREDITOR — PLEADING. — A wife who mortgages her property to secure her husband's contract is a surety merely. The release of the husband's obligation by the act of the creditor is new matter, and must be set up in the answer. Defects in the answer are not cured by the course of the parties at the trial, unless such course appears clearly and beyond controversy.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Wells, Van Dyke & Lee,* and *William H. Sharp,* for Appellant.

*Bicknell & White,* and *Chapman & Hendrick,* for Respondents.

HAYNE, C. — Suit to foreclose a mortgage. The material facts are as follows:—

Charles L. Strong, John O. Earl, and Alpheus Bull agreed together to purchase and operate a certain mine. Each was to furnish one third of the capital, and be interested in that proportion. Strong had no money, and Bull agreed to advance his share, taking as security a mortgage upon a piece of real property of which Mrs. Strong was the owner, and upon which a homestead had been declared, and taking, also, the title to the mine in his own name as additional security. The mortgage was by a deed absolute in form, duly signed and acknowledged by the Strongs. The terms of the contract were in a separate paper signed by Bull only. The money was advanced by Bull as required from time to time, in accordance with the terms of his contract. After a time the mine proved a failure, and Strong died. The defendant Coe was appointed administrator of his estate, and gave notice to the creditors to present their claims. Bull did not present any claim against the estate, but commenced his action of foreclosure upon the property mortgaged by Mrs. Strong, under section 1500 of the Code of Civil Procedure. The court below gave judgment for the defendants, and the plaintiff appeals. The following are the only questions which, we think, require notice:—

1. It is contended that there was no proper acknowledgment of the deed by Mrs. Strong. The argument is, that this deed expressly declares that the property is conveyed "in trust, the conditions of which are stated in a separate instrument"; that it appears from the evidence that this separate instrument was not signed until the next day, and that therefore *its* contents could not have been explained to her; that where one contract refers to another, the two are considered as one; and that therefore she was not made acquainted by the notary with the contents of the instrument, as the law requires.

We are not prepared to say that the certificate of the notary can be contradicted in the absence of proper allegations of fraud. We express no opinion upon that point. But assuming in favor of respondent that the certificate can be so contradicted, we nevertheless do not think the point well taken. The statute requires that the notary shall certify that he "made her acquainted with the contents *of the instrument.*" (Civ. Code, sec. 1191.) What instrument? Manifestly the one which the married woman has signed, and which the notary has before him. It would be absurd to say that he is to explain the contents of a document which he has not before him, and knows nothing about. It is perfectly true that for certain purposes two instruments which refer to each other are considered as one. But this is merely a fiction of law which is not to be extended to a case like this. We think that the notary did his whole duty if he explained that the instrument was a deed of the property to the grantee named therein, subject to the conditions appearing in the document referred to, which conditions and document were not before him. Any other construction would not only be unwarranted by the language of the statute, but would be dangerous to the security of business transactions.

2. It is argued that Mrs. Strong never authorized the mortgage for so large a sum. She does not deny that she executed and acknowledged the deed. Nor does she deny that her husband had authority to deliver it. Her answer admits that the deed was given to secure advances to the amount of three thousand dollars, but denies that it was given for any other purpose. The husband, therefore, had authority to deliver the deed. Furthermore, he had authority to deliver it " in accordance with its terms and manifest purpose." (*De Arnaz* v. *Escandon,* 59 Cal. 489). And by its terms it was a conveyance "in trust, the conditions of which are stated in a separate instrument in hands of the parties of the

first part." If that separate instrument had been in the hands of the parties of the first part, there could be no doubt but that she would have been bound by it, whether she knew its contents or not. It was not, in fact, signed until the next day. Its terms appear to have been agreed upon by the husband and Bull. It is not pretended that there ever was any other instrument agreed upon or in the hands of the parties of the first part, or that there was not the most perfect good faith on the part of Bull. Nor is any imputation expressly made upon the good faith of the husband. There is no evidence that he was limited to any particular amount. Mrs. Strong does not say that she so limited him. She says: "I never pledged the ranch myself for any such amount. I was never informed that any one else had until I was writing these letters for information." This is not inconsistent with the fact that she put the deed in the hands of her husband, to be used by him as he thought best, or without inquiry as to what was to be done with it. Under the circumstances, we think that Strong was the ostensible agent of his wife.

3. It is contended that the action cannot be maintained because there was no settlement of the partnership accounts. The court finds that "the entire claim of plaintiff, whatever may be its amount or the balance due, grows out of the purchase and working of the said mine by the said Earl, Bull, and Strong, as mining partners, and not otherwise, and no accounting was ever had between the partners during the lifetime of the said Strong, nor any balance struck between them." In other words, the court found that the loan by Bull to Strong was a partnership transaction. So far as this involves a conclusion of law, the conclusion is erroneous; and so far as it is a finding of fact, it is not sustained by the evidence.

The uncontradicted evidence shows that the transaction as to the loan was entirely between Strong and Bull.

Earl had nothing to do with it. Strong had obtained information concerning the mine, and he came to Earl and Bull to get them to go in with him. He had no money to pay for his share, and he borrowed it from Bull, giving the mortgage above mentioned as security. The character of the transaction is not changed by the fact that the money was not paid down at once, but was advanced by Bull as required. The mortgage was to cover future advances, and the transaction was purely and simply a loan from Bull to Strong.

It is well settled in this state, as elsewhere, that one partner cannot sue another upon a demand arising out of the partnership transactions, in the absence of a settlement of the accounts. But by the terms of this rule it does not apply where the transaction is not a partnership matter. And it seems plain that a loan from one partner to another is not a partnership transaction, notwithstanding the fact that the borrower intends to put the money into the firm, and does so. Accordingly, it is well settled that the lender in such a case can maintain an action for the recovery of the money, although there has been no settlement of the partnership accounts. (*Currier* v. *Webster,* 45 N. H. 226; *Crater* v. *Bininger,* 45 N. Y. 545; *Morgan* v. *Nunes,* 54 Miss. 312, 313; *Scott* v. *Campbell,* 30 Ala. 730; *Grigsby* v. *Nance,* 3 Ala., N. S., 350, 351; *Terrill* v. *Richards,* 1 Nott & McC. 20.)

4. The title to the mine was taken in the name of Bull, as additional security for the loan. And it is argued that under the provision that "there can be but one action for the recovery of any debt or the enforcement of any right secured by mortgage" (Code Civ. Proc., sec. 726), the plaintiff cannot foreclose the mortgage upon Mrs. Strong's property without at the same time foreclosing on the mine. But the plaintiff has commenced only one action. The fact that he has omitted some of the security would, under the decisions, be a waiver of the mortgage upon the omitted portion.

(*Mascarel* v. *Raffour*, 51 Cal. 242.) And (aside from the question of suretyship, which is considered below) the mortgagee is free to make such waiver if he chooses. The chief argument of the respondent in this regard is, that the mortgaged property constitutes a fund which must first be exhausted before a personal judgment can be had against the mortgagor. And this proposition seems to be established by the decisions. (See *Bartlett* v. *Cottle*, 63 Cal. 366; *Biddle* v. *Brizzolara*, 64 Cal. 362.) But the plaintiff here does not seek a personal judgment against any one, and hence the rule has no application.

5. It is contended for the respondent that Mrs. Strong was a mere surety, and was discharged for two reasons:—

(*a*) Because no claim was presented against the estate of the principal debtor. If we assume that the fact of suretyship sufficiently appears, the point is, nevertheless, not well taken. The precise point was decided in favor of the appellant in *Sichel* v. *Carrillo*, 42 Cal. 500. The only argument made by respondent in this regard is, that the decision is incorrect in principle and unsupported by authority. But to this we cannot agree. It was well settled in this state, as elsewhere, that mere delay of the creditor to proceed against the principal would not discharge the surety. (*Humphreys* v. *Crane*, 5 Cal. 173; *Kritzer* v. *Mills*, 9 Cal. 22, 23; *Hartman* v. *Burlingame*, 9 Cal. 557; *Williams* v. *Covillaud*, 10 Cal. 419; *People* v. *Jenkins*, 17 Cal. 500.) And this is still the law. (*Preston* v. *Hood*, 64 Cal. 408; Civ. Code, sec. 2823.) In extension of this principle it was held that the surety was not discharged, even if the delay of the creditor was such that his remedy against the principal became barred by limitation. (*Whitney* v. *Clark*, 17 Cal. 407.) And it was but a short step from this to the position that the loss of the creditor's remedy against the estate of the principal, by non-action as to presentation of the claim, did not discharge the surety. This was the decis-

ion in *Sichel* v. *Carrillo.* And the point has been ruled the same way in other states. (*Johnson* v. *Planters' Bank,* 4 Smedes & M. 165; 43 Am. Dec. 480; *McBroon* v. *The Governor etc.,* 6 Port. 32; *Villars* v. *Palmer,* 67 Ill. 204; and see *Bank* v. *State,* 62 Md. 88.)

(*b*) It is claimed that the surety was discharged because the plaintiff in his complaint in this action expressly released his claim against the estate of the principal. The statement in the complaint in this regard is, that the plaintiff "hereby expressly waives all recourse against any of the property or estate of said Charles L. Strong, deceased, not included in the aforesaid deed, and he relies solely on his lien on the premises described in said deed for the repayment of his said advances." In making this waiver, the learned counsel for the plaintiff must have proceeded upon the theory that both of the Strongs were principal debtors. If, however, Strong was alone the principal, and his wife was the sole owner of the property, and was a mere surety for him, it is a very grave question whether she was not discharged by this act of the plaintiff. Was she a mere surety? There can be no doubt but that the debt was the debt of the husband alone. The complaint expressly alleges that the mortgage was given to secure money advanced and to be advanced "to and for account of said Charles L. Strong." And the evidence accords with this allegation. The appellant says in his reply brief that "the money advanced by the plaintiff was as much for her benefit as that of her husband." But there is nothing in either the pleadings or the evidence to justify this remark. The only possible sense in which, upon this record, she can be said to have been interested is that in which every wife may be said to be interested in her husband's transactions; and it is hardly necessary to say that this general interest does not make her separate property liable for his debts.

The debt being the debt of the husband alone, if the

property mortgaged was the separate property of the wife, she was a surety so far as the property is concerned. (*Spear* v. *Ward*, 20 Cal. 674; *Hassey* v. *Wilke*, 55 Cal. 528.) The court finds that it was her separate property; and while the evidence upon the question is meager, we cannot say from the record that the finding of fact ought not to stand. The difficulty about the defense is, that it is not pleaded. The release of a surety by discharge of the principal is new matter, and must be pleaded. (*Mulford* v. *Estudillo*, 23 Cal. 100; *Bostwick* v. *McEvoy*, 62 Cal. 502, 503.) And there is nothing either in the complaint or in Mrs. Strong's answer which states either that she was a surety, or that the property was her separate property. From some of the phraseology of the answer, the contrary inference is to be drawn. Nor can it be said that the cause was tried upon the theory that any such defense was set up. The evidence as to the ownership of the property may have come in with reference to the homestead. Wherever the course of the parties at the trial is allowed to supply omissions in pleading, such course must appear clearly and be beyond all controversy. This defense, therefore, cannot be considered.

6. It is argued that there was a valid homestead upon the property, and that for this reason a claim ought to have been presented against the estate. When the case was here before, we were of opinion that the case of *Camp* v. *Grider*, 62 Cal. 21, required claims upon the homestead to be presented; and that it made no difference that the homestead was upon the separate property of the survivor. With reference to the latter proposition, further examination and reflection, after rehearing, have convinced us that we erred, and that the fact that the homestead was upon the separate property of the survivor takes it out of the rule laid down in *Camp* v. *Grider*. Except for the homestead, it is clear that the separate property of the survivor is not a part of the estate of the decedent, and that (all demands against

the estate being waived), it is not necessary or proper to present a mortgage upon such separate property as a claim against the estate. Now, whatever may be the nature of the interest which the husband acquired in his wife's separate property by virtue of the homestead, it vested in the wife at his death. (*Estate of Burdick,* 76 Cal. 639.) It was not a part of his estate, and since the plaintiff made no claim against the estate, nor against property which was a part of the estate, it was not necessary to present a claim to the administrator. (See, generally, *Shadt* v. *Heppe,* 45 Cal. 437.) We think the somewhat general language of the statute is not to be construed so as to cover such a case.

It cannot be contended that the failure to present a claim as to *the debt* extinguished it, and that the lien, being a mere incident to the debt, expired with it. Because although a claim which is not presented becomes "barred," it is not "extinguished." (*Whitmore* v. *San Francisco Savings Union,* 50 Cal. 149.)

No question as to the rights of general creditors of the estate is involved here, because the plaintiff, having waived all claim against the estate, is not such a creditor. And we desire what is said above to be understood with reference to the precise facts of the case before us, viz., where the homestead is upon the separate property of the survivor. We neither express nor intimate any opinion as to what would be the rule where the homestead is upon the separate property of the decedent, or upon the community property.

·The positions as to the power of the court to grant a rehearing, and the sufficiency of the order granting it, do not require special notice.

We therefore advise that the judgment and order appealed from be reversed, and the cause remanded for a new trial.

FOOTE, C., concurred.

BELCHER, C. C., took no part in this opinion.

The COURT.— For the reasons given in the foregoing opinion, the judgment and order are reversed, and cause remanded for a new trial.

Rehearing denied.