[Civ. No. 1206.  First Appellate District.—April 23, 1913.]

## HERMAN S. ARNHEIM, Respondent, v. ELI GORDON, Appellant.

PARTNERSHIP—LOAN BY ONE PARTNER TO THE OTHER—ACTION TO RECOVER WITHOUT ACCOUNTING.—Where one partner borrows money from the other with the intention of putting it into the firm business, and does put it there, the loan is not a partnership transaction, and the lender can sue for the money, although there has been no settlement of the partnership accounts.

ID.—LOAN AS PARTNERSHIP TRANSACTION—CONFLICTING EVIDENCE—REVIEW ON APPEAL.—Where the evidence is conflicting as to whether a loan by one partner to another was a partnership transaction, the finding of the trial court thereon will not be disturbed on appeal.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing a new trial. S. E. Crow, Judge presiding.

The facts are stated in the opinion of the court.

Edgar C. Levey, and George M. Lipman, for Appellant.

A. P. Dessouslavy, for Respondent.

KERRIGAN, J.—This is an appeal from an order denying defendant's motion for a new trial and to vacate the judgment in an action to recover money alleged to have been loaned by the plaintiff to the defendant.

The complaint is in two counts, but the trial court having granted defendant's motion for a nonsuit as to the second count—covering an alleged indebtedness in the sum of one

hundred dollars—and no appeal having been taken therefrom, we are confined to a consideration of the court's action upon the first count, resulting in the entry of judgment in favor of plaintiff for the sum of five hundred dollars.

It appears that on the third day of June, 1907, the plaintiff, desiring some money, executed to the defendant his promissory note for the sum of one thousand dollars, which the defendant, pursuant to a previous understanding with the plaintiff, negotiated or discounted for plaintiff's account. This note was subsequently paid in full by plaintiff. Of the sum thus raised defendant paid over to the plaintiff five hundred dollars. This amount plaintiff, it is not questioned, contributed to a business in which both parties to this action with another were interested as partners. As to the remaining five hundred dollars plaintiff claims that at defendant's request he allowed him to retain it as a loan. The defendant on the other hand asserts that this second five hundred dollars was kept by him to be used for the payment of rent for the place where the business of the partnership was conducted, and that it was in fact so employed, by agreement with the plaintiff.

There was a sharp conflict in the testimony as to whether or not this was true. The check covering this amount was not made payable to the partnership, but to the plaintiff personally, and there are other circumstances in the case tending to support the finding of the court that the transaction as to the second five hundred dollars was a personal loan by the plaintiff to the defendant. Hence, under the familiar rule we cannot, even if we were so disposed, interfere with the conclusion of the trial court.

It is true that if the subject matter of this case grew out of a partnership relation between the parties, this action would not lie; but the court, on sufficient evidence, found that the transaction was not connected with the partnership, in which case the rule contended for by defendant has no application.

In *Bull* v. *Coe,* 77 Cal. 54, [11 Am. St. Rep. 235, 18 Pac. 808], it is said: "It is settled in this state, as elsewhere, that one partner cannot sue another upon a demand arising out of partnership transactions, in the absence of a settlement of accounts. But by the terms of this rule it does not apply where the transaction is not a partnership matter. And it seems plain that a loan from one partner to another is not a

partnership transaction, notwithstanding the fact that the borrower intends to put the money into the firm and does so. Accordingly it is well settled that the lender in such case can maintain an action for the recovery of the money, although there has been no settlement of the partnership accounts." (See, also, 30 Cyc. 465, 467; Bates on Partnership, secs. 868, 874, 875.)

The order appealed from is affirmed.

Lennon, P. J., and Hall, J., concurred.