[Civ. No. 5117. First Appellate District, Division One.—July 17, 1925.]

R. F. ESTES, Respondent, v. JULES DELPECH, Appellant.

[1] CONTRACTS—PURCHASE OF INTEREST IN BUSINESS—WRITTEN EXECUTORY CONTRACT—REFUSAL OF VENDOR TO COMPLETE SALE—PAROL AGREEMENT.—The vendor of a half interest in a business cannot justify his refusal to accept the balance of the purchase

price tendered to him by the vendee, and to deliver a bill of sale, upon the ground that at the time the written executory contract of sale was entered into it was orally agreed that the vendee should devote his entire time to the business, that such oral agreement was omitted from the executory contract through mutual mistake, and that the vendee did not fulfill said oral agreement, where said written executory contract contained upon its face a complete expression of the agreement of the parties.

[2] ID.—PAROL AGREEMENT—EVIDENCE.—A parol agreement made at the date of the execution of a written instrument, which upon its face is a complete expression of the agreement of the parties, cannot be introduced for the purpose of modifying or contradicting the terms of such instrument.

[3] ID.—VENDOR AND VENDEE—RESCISSION—VIOLATION OF ALLEGED ORAL AGREEMENT—EVIDENCE.—In this action by a vendee for rescission of an executory contract of sale of a one-half interest in a business, the defendant vendor's refusal to accept the balance of the purchase price tendered by the vendee, and to complete the sale, upon the strength of an oral agreement that the vendee should devote his entire time to said business, which oral agreement defendant claimed said vendee violated, was not justified under the facts.

[4] ID.—PARTNERSHIP—ACCOUNTING—JUDGMENTS.—In such action, even assuming, as defendant contends, that a partnership in fact existed between the parties, defendant's contention that an accounting was essential to the rendition of judgment in favor of plaintiff for money paid by him on his contract of purchase, cannot be sustained for the reason that the action involves only a personal business affair between the parties themselves as distinguished from a partnership transaction.

[5] ID.—RESTORATION—RESCISSION.—In such action, defendant's proposition that plaintiff was not entitled to rescind because the latter had collected and withheld a specified sum belonging to the business, is disposed of by the finding of the trial court to the effect that plaintiff offered to pay said sum to defendant when he gave notice of rescission, and that defendant refused to accept the same.

[6] ID.—VALUE OF AUTOMOBILE—JUDGMENT.—In such action, plaintiff was properly allowed a greater sum than that received by defendant on a sale of an automobile which plaintiff had transferred to defendant, where the trial court found upon sufficient evidence that, when the contract of sale of the half interest in

2.    See 10 Cal. Jur. 916; 10 R. C. L. 1016.
4.    See 20 Cal. Jur. 763; 20 R. C. L. 924.

the business was signed, said automobile was of the value allowed
and defendant at that time agreed to accept it as part payment
of the purchase price for that amount.

(1) 13 C. J., p. 594, n. 41; 22 C. J., p. 1248, n. 29, p. 1258, n. 83.
(2) 13 C. J., p. 594, n. 41; 22 C. J., p. 1102, n. 97, p. 1248, n. 29.
(3) 30 Cyc., p. 360, n. 63 New.   (4) 30 Cyc., p. 466, n. 52, p. 467,
n. 61.   (5) 13 C. J., p. 623, n. 78.   (6) 9 C. J., p. 1262, n. 5.

APPEAL from a judgment of the Superior Court of
Alameda County. Warren V. Tryon, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

W. E. Harvent and L. D. Manning for Appellant.

Calkins, Hagar, Hall & Linforth for Respondent.

KNIGHT, J.—An appeal by defendant from an adverse
judgment given in an action brought by plaintiff as vendee
for the rescission of an executory contract for the sale of a
one-half interest in a food products business, including
certain merchandise, formulas, and recipes thereunto belonging and to recover purchase money previously paid
thereunder. The agreed purchase price was $1,250, and
of that amount the vendor, by the terms of the contract,
acknowledged having received $1,150 at the time the contract
was signed. Said contract provided that title to the interest
in the property agreed to be sold should remain in the
vendor until the full amount of the purchase price was paid,
but that the vendee should "have the possession thereof
and be entitled to half the net profits thereof after all expenses and rents in connection therewith were paid"; that
upon full payment of the purchase price being made, the
vendor shall execute and deliver a bill of sale transferring
to said vendee one-half interest in said property and that
thereupon title to the same should pass to the vendee; that
if said vendee defaulted in making full payment, then the
vendor was entitled to retake possession of said one-half
interest and retain as liquidated damages all payments previously made.

The complaint alleged that within the period of time specified in said contract, plaintiff tendered to defendant the balance of the purchase price with interest, and demanded a bill of sale transferring to him said interest in said business, but that defendant refused to accept said tender, and likewise refused to execute or deliver a bill of sale; that thereupon, and on May 12, 1923, plaintiff served notice of rescission of the contract, demanded return of the sum of $1,150, and offered to surrender to defendant everything he had received from defendant, ''and otherwise to do all things necessary to restore defendant to the position he had occupied when said contract was made, but defendant refused to comply with plaintiff's demand.'' Said complaint further alleged that plaintiff performed all obligations and conditions to be performed by him under said agreement, and ''is ready and willing to relinquish and restore to defendant as the court may direct, all right, title or interest in and to the said property described in said agreement, which may have accrued to plaintiff by reason of said agreement or otherwise.''

[1] Defendant does not dispute the execution of the contract, or the tender by plaintiff of the balance due on the purchase price within the agreed time, or that he refused to accept the same, but he contends that such refusal was justified upon the following grounds: That said contract, in effect, created a partnership between them in relation to the operation of said business; that in addition to the stipulations contained in said contract it was orally agreed between them that each should devote his entire time to said business, but that owing to a mutual mistake said oral agreement was not made a part of said written contract; that plaintiff failed to devote his entire time to said business, and consequently had not performed his part of said contract and was not entitled to consummate the purchase.

[2] It would appear that defendant's refusal to complete the sale upon the grounds urged cannot be sustained for two reasons: First, ''The rule is elementary that a parol agreement made at the date of the execution of a written instrument, which upon its face is a complete expression of the agreement of the parties, cannot be introduced for the purpose of modifying or contradicting the terms of such instrument. The rule is one of widespread application and

requires no citation of authority for its support. Where parties have deliberately put their agreement in writing in such language as imports a legal obligation, it is conclusively presumed that the whole engagement and the extent and manner of their undertaking is there expressed. This rule has found expression in our code (Civ. Code, secs. 1625, 1698), and according to modern authority has been held to be not one of evidence merely, but also one of positive substantive law (*Harding* v. *Robinson,* 175 Cal. 534 [166 Pac. 808])." (*Lindemann* v. *Coryell,* 59 Cal. App. 788 [212 Pac. 47].) See, also, Code Civ. Proc., sec. 1856; *Dollar* v. *International Banking Corporation,* 13 Cal. App. 331 [109 Pac. 499]; *Fleming* v. *Law,* 163 Cal. 227 [124 Pac. 1018]. [3] Secondly, although the trial court liberally allowed defendant to testify as to the existence of said oral agreement, it expressly found that it was not true that it was agreed that each party should give his entire time to said partnership business, or that the omission to include such a provision in the contract was due to mutual mistake, the court further finding in this regard that the parties "intended to make another and subsequent agreement relative to the conduct of said business which should prescribe the services to be rendered to such business by plaintiff and defendant, but that such other subsequent agreement was never made or entered into." It is therefore apparent that defendant's refusal to accept the balance of the purchase price and to complete the sale, upon the strength of said oral agreement, was not justified under either the law or the facts.

[4] Further contention is made by defendant that the court was precluded from giving judgment in the action until a partnership accounting was had, it being claimed in this connection that the amount paid by plaintiff on the purchase price was, with plaintiff's knowledge and consent, used by defendant in the operation of said business, and that therefore there was nothing due plaintiff. Even assuming, as defendant contends, that a partnership in fact existed, we are unable to sustain defendant's contention that an accounting was essential to the rendition of judgment herein for the reason that this action involved only a personal business affair between the parties themselves as distinguished from a partnership transaction. *Bull* v.

*Coe,* 77 Cal. 54 [11 Am. St. Rep. 235, 18 Pac. 808], it is said: "It is well settled in this state, as elsewhere, that one partner cannot sue another upon a demand arising out of the partnership transactions, in the absence of a settlement of the accounts. But by the terms of this rule it does not apply where the transaction is not a partnership matter. And it seems plain that a loan from one partner to another is not a partnership transaction, notwithstanding the fact that the borrower intends to put the money into the firm, and does so. Accordingly, it is well settled that the lender in such a case can maintain an action for the recovery of the money, although there has been no settlement of the partnership accounts. (*Currier* v. *Webster,* 45 N. H. 226; *Crater* v. *Bininger,* 45 N. Y. 545; *Morgan* v. *Nunes,* 54 Miss. 312, 313; *Scott* v. *Campbell,* 30 Ala. 730; *Grigsby* v. *Nance,* 3 Ala. 350, 351; *Terrill* v. *Richards,* 1 Nott & McC. (S. C.) 20.) To the same effect are *Arnheim* v. *Gordon,* 21 Cal. App. 754 [132 Pac. 840]; 30 Cyc. 465, 467; Bates on Partnership, secs. 868, 874, 875. It is true that the indebtedness here sued upon was not in its nature a loan, but on principle it amounted to the same thing, for the action was based upon a personal indebtedness due from defendant to plaintiff arising from the rescission of the contract by plaintiff. The case at bar is even farther removed from the rule of accounting than were either of the cases of *Bull* v. *Coe, supra,* or *Arnheim* v. *Gordon, supra,* because the evidence here does not show, as it did in those cases, that the parties intended that the purchase money should be invested in the business.

[5] We are also unable to accede to the proposition made by defendant that plaintiff was not entitled to rescind because plaintiff had collected and withheld the sum of $48 belonging to said business. This matter is disposed of by the finding of the trial court to the effect that plaintiff offered to pay said sum to defendant when he gave notice of rescission, and that defendant refused to accept the same. This amount was in fact afterward deducted from the sum found by the court to be due plaintiff, and the judgment in plaintiff's favor did not include that sum.

[6] Lastly, defendant complains that the judgment directs him to pay plaintiff $1,102 with interest, which represents the amount defendant acknowledged in said con-

·tract as having received from plaintiff, less the sum of $48 collected and retained by plaintiff, whereas, the evidence shows that the sum of $1,150 for which plaintiff was given credit was made up of the sum of $500 in cash and the transfer to him of an automobile, which he has since sold for the sum of $500. We think the judgment proper for the reason that the court found upon sufficient evidence that, when the contract was signed, said automobile was of the value of $650 and defendant at that time agreed to accept it as part payment of the purchase price for that amount.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.·