BUTTE MACHINERY CO., RESPONDENT, *v.* CARBONATE HILL MILLING CO. ET AL., APPELLANTS.

(No. 5,783.)

(Submitted January 6, 1926.  Decided January 18, 1926.)

[242 Pac. 956.]

*Contracts—Guaranty—Misjoinder of Parties Defendant.*

Guaranty—Surety—Distinction—Joinder of Parties Defendant.
1.   Under a contract of guaranty the promisor is bound independently of the person for whose benefit it is made, his engagement being a collateral undertaking; hence there being neither privity of contract, mutuality nor joint liability between the principal debtor and the guarantor, they cannot be joined as defendants; under that of suretyship the surety is bound as an original promisor and the creditor may bring his action jointly against him and the debtor.

Contracts—Leases—Guaranty of Rentals—Inconsistent Provisions of Contract—Misjoinder of Parties Defendant.
2.   Where under the first clause of a contract a party bound himself generally as a surety, but under a subsequent one the conditions under which he would, be liable were particularly set forth which in effect made him a guarantor, the two clauses were so inconsistent with each other as to warrant application of the doctrine announced by section 10520, Revised Codes of 1921, that where a general and particular provision of a contract are inconsistent the latter must prevail, and therefore the promisor was a guarantor and not a surety and could not be joined as defendant with the lessee of property in an action to recover rentals, payment of which he had guaranteed. (See par. 1, above.)

[1] Guaranty, 28 C. J., sec. 2, p. 887, n. 15; p. 888, n. 25; sec. 5, p. 891, n. 53; sec. 177, p. 1012, n. 2.
[2] Contracts, 13 C. J. sec. 501, p. 538, n. 1.  Guaranty, 28 C. J., sec. 76, p. 932, n. 9; sec. 177, p. 1012, n. 2.

*Appeal from District Court, Silver Bow County; George Bourquin, Judge.*

ACTION by the Butte Machinery Company against the Carbonate Hill Mining Company and another.  Judgment for plaintiff and defendants appeal.  Reversed and remanded, with directions.

1.  See 12 R. C. L. 1057.

*Messrs. Keeley & Keeley,* for Appellants, submitted a brief; *Mr. W. E. Keeley* argued the cause orally.

*Messrs. Canning & Geagan,* for Respondent, submitted a brief; *Mr. P. E. Geagan* argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

The complaint in this action states four causes of action, each of which is based upon a lease executed by the plaintiff to the defendant milling company, covering personal property consisting of mining machinery, at a stipulated monthly rental. Except as to the properties leased and the amount of rental reserved, the leases are identical, and, so far as necessary to be noted, are in the usual form of such instruments. To each of these leases there was appended a contract, signed by the defendant Whitworth, the material portions of which, except as to the amount therein named, read as follows:

"(a) In consideration of the leasing of the machinery and personal property in the foregoing lease described, and of the rents and covenants in said lease, I hereby become surety for the fulfillment of all the terms and conditions in said lease to be made and performed; (b) and, if any default shall be made therein, I hereby promise and agree to pay unto the Butte Machinery Company, the lessor, or its assigns, such sum or sums of money, not exceeding, * * * as will be sufficient to make up such deficiency and fully satisfy the conditions of said lease or agreement or any extension thereof, without requiring any notice of nonpayment or proofs of damage being made."

For convenience of reference, we have designated the two clauses of this contract by the letters (a) and (b), respectively.

In each of the four causes of action it is alleged that a certain amount of rent was due on the lease therein set forth

and judgment therefor is demanded against both of the defendants.

To this complaint, and each cause of action thereof, the defendant milling company filed a general demurrer, and the defendant Whitworth likewise filed a general demurrer, and also demurred specially on the ground, amongst others, that there is a misjoinder of parties defendant, in that it appears that he could only be held secondarily liable, and that suit could not be maintained against him until the plaintiff had first exhausted its rights against the defendant milling company. These demurrers were overruled, whereupon separate answers were filed by the defendants.

The cause was brought on for trial before a jury. At the close of all the testimony, both the plaintiff and the defendants moved for directed verdicts. The court sustained the plaintiff's motion, directed verdicts against both the defendants upon each cause of action, and judgment was entered accordingly. The defendants moved for a new trial, which was denied, and they have brought the case to this court on appeal from the judgment.

Appellants' assignments of error present but two matters for our consideration:

It is contended that the court erred in overruling the special [1] demurrer of the defendant Whitworth. In order to pass upon this contention, it is necessary to determine whether the contract signed by Whitworth imposed upon him the duties of a surety or of a guarantor.

A contract of guaranty is one whereby the promisor is bound independently of the person for whose benefit it is made. In the words of the statute (section 8171, Revised Codes of 1921): "A guaranty is a promise to answer for the debt, default or miscarriage of another person."

"A surety is one who, at the request of another, and for the purpose of securing to him a benefit becomes responsible for the performance by the latter of some act in favor of a

third person, or hypothecates property as security therefor."
(Sec. 8195, *Id.*)

The vital difference between the contract of a surety and
that of a guarantor is that a surety is charged as an original
promisor, while the engagement of a guarantor is a collateral
undertaking. (*Saint* v. *Wheeler etc. Mfg. Co.*, 95 Ala. 362,
36 Am. St. Rep. 210, 10 South. 539.) ·

A creditor may bring an action jointly against a surety
and the debtor, but he cannot join both the guarantor and the
debtor in one suit, because there is neither privity of contract,
mutuality nor joint liability between the principal debtor and
his guarantor. (*Adams* v. *Wallace*, 119 Cal. 67, 51 Pac. 14;
*Bull* v. *Coe*, 77 Cal. 54, 11 Am. St. Rep. 235, 18 Pac. 808;
*Emerson-Brantingham I. Co.* v. *Raugstad*, 65 Mont. 297, 211
Pac. 305.)

If the clause (a) stood alone, it would be a straight con-
[2]   tract of suretyship, and Whitworth would be liable for
the amount of the plaintiff's claim in the first instance, and
resort could be had against him, whether or not a satisfaction
of the claim could be made from the milling company. On the
other hand, if the clause (b) stood by itself, it would constitute
a clear contract of guaranty, since it would only bind Whit-
worth to make up the deficiency which might remain due to
the plaintiff after an ineffectual attempt to satisfy the same
from the milling company, but he could not be sued jointly
with the milling company thereon.

The general intent of the contract is clear, *viz.:* Whitworth
assured the plaintiff that it would be paid whatever was due
it under the terms of the lease to which it was attached. It
would hardly be supposed that it was intended by the parties
to bind him both as a surety and as a guarantor. If it was
intended to bind him as a surety under clause (a), the clause
(b) would be superfluous and meaningless so far as fixing
Whitworth's liability is concerned, for his liability under clause

(a) would be broader and more comprehensive than under clause (b), and would cover any possible liability which might be fixed upon him under the latter clause, and the remedies against him under the two clauses would be inconsistent with each other. Clause (a) fixes a general primary liability under any circumstances, whereas clause (b) only establishes a secondary liability under particular conditions. The liabilities created by the two clauses are inconsistent with each other. Under such a state of facts we may have resort to the canon of construction declared in section 10520, Revised Codes of 1921, which is that, in the construction of an instrument, "the intention of the parties, is to be pursued if possible; and when a general and particular provision are inconsistent, the latter is paramount to the former. So a particular intent will control a general one that is inconsistent with it."

This leads us to the conclusion that the contract in question was intended by the parties to be one of guaranty and not one of suretyship. Therefore, under the authorities above cited a joint action could not be maintained against the milling company and Whitworth; consequently there is a misjoinder of parties defendant in this complaint, and the court erred in overruling the special demurrer of the defendant Whitworth based upon that ground.

This determination requires a reversal of the judgment as to the defendant Whitworth, and it remains to be ascertained whether the evidence introduced at the trial was sufficient to sustain the judgment entered against the milling company.

In the complaint, the plaintiff alleged a balance of $882.52 due on all the causes of action, after allowing total credits in the sum of $237.50. This would make the total rentals claimed to have been earned amount to $1,120.02. On the part of the defendants it was shown that there had been paid to the plaintiff the sum of $1,015, and it was claimed that this amount should all have been credited on the accounts set out in the

complaint. The plaintiff, however, introduced evidence showing that the milling company had a contemporaneous account with it for merchandise upon which it had credited some of these payments. The testimony shows that these payments had been made by several different checks, all of which had been remitted to the plaintiff without any specific direction as to their application.

The only definite information as to this merchandise account contained in the record shows a total debit thereon against the milling company of $456.78. Adding this amount to the $1,120.02, rental account, makes a total of $1,576.80 as the total amount which accrued to the plaintiff on both accounts. Deducting therefrom the $1,015 paid, leaves a balance of only $561.80. The court gave plaintiff a judgment for $882.50. The plaintiff gave no satisfactory testimony to account for the difference between these two amounts.

It is our conclusion that the testimony is not sufficient to sustain the judgment entered against the milling company, and that the court should have granted its motion for a new trial.

For the reasons above indicated, the judgment is reversed and the cause remanded to the district court, with directions to sustain the special demurrer of the defendant Whitworth, and to grant the defendant milling company a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and MATTHEWS concur.