[Civ. No. 7984. Second Appellate District, Division Two.—June 20, 1933.]

HARLEY C. JOHNSON, Respondent, v. DANIEL ROSENSTEIN, Appellant.

Butcher & Haines for Appellant.

Fred A. Shaeffer for Respondent.

CRAIG, J.—In an action by an ex-partner for advancements alleged to have been made pursuant to an agree-

ment of copartnership, judgment was rendered in favor of the plaintiff, from which the defendant appealed.

The determination of questions presented by appellant depends upon the language of a contract in writing between the parties. The facts are not disputed, but he contends that the action should have been an equitable one for accounting. By the provisions of said contract it was agreed that both parties should deliver to the enterprise all fixtures, office equipment and merchandise share and share alike, to be used in common to their mutual benefit; that the respondent had invested $500 and would furnish additional sums but not to exceed $1500 in all, which should be repaid to him "out of the profits of said business before any division of profits shall be made by the parties hereto". And further: "In the event said partnership business shall not be successful, second party agrees to take over all of the stock and fixtures and *repay to first party all the moneys put into said business by first party* and return to first party all of said office equipment contributed by said first party as aforesaid."

The project proved unsuccessful, and at the end of six months ceased to function. The appellant concedes that his defense and the grounds of his appeal were "all made upon the general proposition that an accounting and settlement between copartners is a condition precedent to an action by one partner against another upon partnership claims and transactions". By the financial agreement of the parties as recited in their contract the respondent furnished certain amounts of money which, in the event that said business. should not be successful the appellant would "repay to first party", the respondent. "It is well settled in this state, as elsewhere, that one partner cannot sue another upon a demand arising out of the partnership transactions, in the absence of a settlement of the accounts. But by the terms of this rule it does not apply where the transaction is not a partnership matter. And it seems plain that a loan from one partner to another is not a partnership transaction, notwithstanding the fact that the borrower intends to put the money into the firm, and does so. Accordingly, it is well settled that the lender in such a case can maintain an action for the recovery of the money, although there has been no settlement of the partnership

accounts." (*Bull* v. *Coe*, 77 Cal. 54 [18 Pac. 808, 11 Am. St. Rep. 235].) The record does not disclose whether or not the appellant was able to finance the business, although he agreed to repay his copartner all amounts advanced by the latter out of profits to the exclusion of the partnership, or in the event of its termination if not successful, "all moneys put into said business". The object and purpose of advancements cannot in such a case be said to affect positive contractual obligations arising by virtue of the occurrence of an event upon which they were by the parties made contingent. (*Wilson* v. *Brown*, 96 Cal. App. 140 [273 Pac. 847]; *Johnstone* v. *Morris*, 210 Cal. 580 [292 Pac. 970].) Nor can it successfully be asserted that ascertainment of the agreed amount due from the appellant to the respondent in such event could be effected only by an accounting. Both the amount and the duty to repay were made certain by their contract, regardless of the outcome.

The judgment is affirmed.

Works, P. J., and Parker, J., *pro tem.*, concurred.