[Civ. No. 1075. Fourth Appellate District.—June 12, 1934.]

E. COLLINS, Respondent, v. CHAS. MEIS, Appellant.

234

Chas. Meis, *in pro. per.*, for Appellant.

C. L. Brown for Respondent.

HAINES, J., *pro tem.*—During the times with which we are in this action concerned the plaintiff and respondent Collins and the defendant and appellant Meis were partners engaged in the bakery business. Meis worked as a baker and Collins handled the banking and largely attended to the outside work. It is claimed that there had formerly been a third partner, who had died and that in his place one Salman had become a member of the firm as a third partner. The firm account was kept in bank under the name "Home Bakery, E. Collins," with the knowledge and acquiescence of Meis, if not with his actual consent. Collins mingled his own moneys with those of the partnership in the same account. Meis desired to buy an automobile at a cost of $450 and discussed the matter with Collins. Collins, on March 4, 1931, borrowed the $450 of the bank, gave his personal note for the loan, deposited the proceeds in the partnership account, and on the same date checked out this identical amount to Meis, who executed to Collins individually his note for it. Three days later Collins paid off his $450 note to the bank by drawing a check on the partnership account for the $450 and 30 cents interest and subsequently, and a few days before the trial, charged himself on the partnership books with $450. At none of these times was there less than $1400 in the account at the bank, though how much of it may have belonged to the partnership cannot, until an accounting is had, be determined. Collins said he believed that there was three or four hundred dollars of it belonging personally to him at the time he repaid the $450 loan at the bank. Meis' note to Collins not having been paid, the present action was brought to enforce it by

complaint in the usual form. The answer admits the execution of the note, but asserts that Meis in fact borrowed the money represented by it from the partnership; that it is in fact owed not to Collins but to the partnership; that Collins, Meis and Salman are equally interested in the partnership and therefore have equal interests in the note, and as such partners are owners thereof; that there has been no partnership accounting and that therefore Collins has not the legal capacity to maintain the action. Meis also filed a cross-complaint setting up the same contentions, seeking to have Salman brought in and made a party to the action and asking a partnership accounting. The evidence shows that there is a separate action pending for such an accounting. The cross-complaint was stricken out by the court on Collins' motion. The trial was had on the complaint and answer, resulting in findings that Meis' note to Collins was not held in trust by the latter for the partnership. Collins was thereupon awarded judgment against Meis in accordance with his prayer and Meis appealed.

It seems to us that the vital question in the case is whether the particular money loaned to Meis was that of Collins or the partnership. There is no doubt that Collins got $450 from the bank on his personal note and, though he passed the amount through the partnership account, in which also his personal funds were carried, that without the lapse of more than a few moments of intervening time he checked $450 out of the account to Meis. We think that in these circumstances the money did not lose its identity, but that that which was checked out to Meis should be holden to have been the same just borrowed by Collins from the bank. Neither do we think the circumstance that three days later Collins paid his note at the bank out of the partnership account, as he was accustomed to pay all his other personal matters, is material. The loan took its character from the original transaction and not from what was done afterwards, and whether in repaying the bank Collins drew more than he was entitled to draw from the account can only be ascertained in the partnership accounting action and does not appear to us a matter with which we are concerned in this case.

There is, of course, no question about the proposition that a partner is a trustee for his copartners in respect

to the partnership funds under his control. But that does not mean that he may not, even while the partnership continues, engage in the transactions with his partners that are outside its scope. As was said in *Bull* v. *Coe*, 77 Cal. 54, 59 [81 Pac. 808, 810, 11 Am. St. Rep. 235]:

"It is well settled in this state, as elsewhere, that one partner cannot sue another upon a demand arising out of the partnership transactions, in the absence of a settlement of the accounts. But by the terms of this rule it does not apply where the transaction is not a partnership matter. And it seems plain that a loan from one partner to another is not a partnership transaction, notwithstanding the fact that the borrower intends to put the money into the firm, and does so. Accordingly, it is well settled that the lender in such a case can maintain an action for the recovery of the money, although there has been no settlement of the partnership accounts." (See, also, *Arnheim* v. *Gordon*, 21 Cal. App. 754 [132 Pac. 840]; *Johnson* v. *Rosenstein*, 132 Cal. App. 675, 676, 677 [23 Pac. (2d) 418].)

We see no justification for disturbing the trial court's conclusion that the loan transaction here involved should be treated as one between Collins and Meis as individuals and their partnership relations separately dealt with in the accounting suit.

■ Appellant complains of the trial court's action in striking out his cross-complaint. That action was taken, of course, before the evidence was heard. We need not at this stage of the case inquire whether the cross-complaint ought to have been stricken out or not, since it now appears from the evidence that no relief could have been granted under it.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.