[Civ. No. 1385. Fourth Appellate District.—May 13, 1935.]

RICHARD EMERZIAN, Respondent, v. KARL EMERZIAN et al., Appellants.

Barbour, Kellas & Backlund for Appellants.

Conley, Conley & Conley for Respondent.

BARNARD, P. J.—The plaintiff was compelled to pay a note given to a bank and signed by himself and the two defendants. He brought this action to recover from the defendant Karl Emerzian as the principal debtor and for contribution from the defendant C. Emerzian as one of the accommodation makers. Among other things, the complaint alleged that the note was executed for the sole benefit of Karl Emerzian and that he received the entire consideration therefor. In his answer, the defendant Karl Emerzian alleged that the proceeds of the note were used for the purposes of a partnership which theretofore existed between himself and the plaintiff and that another accounting action, with respect to said partnership, was then pending. The defendant C. Emerzian also set up in his answer the existence of the partnership action, and that said partnership was indebted to him.

Apparently the main issue at the trial was as to whether this note arose out of a partnership transaction or whether it was given for the sole use and benefit of the defendant Karl Emerzian. The court found that the money for which the note was given was not obtained or used for partnership purposes and that the note was executed for the sole use and benefit of Karl Emerzian, who used the proceeds thereof for his own individual purposes. From the judgment entered the defendants have appealed.

The sole point here raised is that an action at law may not be maintained between partners with respect to a partnership transaction and that the court was without power to proceed in this case until the other action between the partners had been disposed of.

While it is well settled in this state that one partner cannot sue another partner upon a demand arising out of a partnership transaction, in the absence of an accounting, it is equally well settled that this rule does not apply where the transaction is not a partnership matter (*Bull* v. *Coe,* 77 Cal. 54 [18 Pac. 808, 11 Am. St. Rep. 235] ; *Johnson* v. *Rosenstein,* 132 Cal. App. 675 [23 Pac. (2d) 418] ; *Collins* v. *Meis,* 139 Cal. App. 233 [33 Pac. (2d) 472] ).

The court here found that this transaction was an individual one and not one arising out of the partnership relation. That finding is fully sustained by the evidence and no attempt is made to show anything to the contrary. No reason appears for disturbing the trial court's conclusion that the loan transaction here involved should be treated as one between the parties as individuals, while the partnership relation between two of them was separately dealt with in the accounting suit.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.