No. 12943

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

MORGEN & OSWOOD CONSTRUCTION CO.,
INC., a Montana Corporation,

Plaintiff and Appellant,

-vs-

UNITED STATES FIDELITY AND GUARANTY
COMPANY, a Maryland Corporation,

Defendant and Respondent.

---

Appeal from: District Court of the Eighth Judicial District,
Honorable Truman G. Bradford, Judge presiding.

Counsel of Record:

For Appellant:

Jardine, Stephenson, Blewett & Weaver, Great Falls,
Montana
Jack L. Lewis argued, Great Falls, Montana

For Respondent:

Berg, O'Connell, Angel and Andriolo, Bozeman, Montana
Charles F. Angel argued, Bozeman, Montana

---

Submitted: April 25, 1975

Decided: MAY 14 1975

Filed: MAY 14 1975

_Thomas J. Kearney_
Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal from an order of the district court, Cascade County, changing venue from that county to Gallatin County. Plaintiff Morgen & Oswood Construction Co., Inc. is a general contractor with its principal place of business in Great Falls, Montana. Plaintiff brought this action in Cascade County against defendant United States Fidelity and Guaranty Company, a Maryland corporation, (hereinafter referred to as USF&G), as surety of one Patrick A. Herring, to recover loss and damages incurred as a consequence of Herring's failure to perform a subcontract for plaintiff. Plaintiff's contract was on a project at Montana State University at Bozeman. The subcontract was to perform labor and furnish certain materials. The agreement required Herring to furnish a surety bond equal in an amount to the contract price, conditional upon and covering the faithful performance of the terms, provisions and conditions of the subcontract agreement.

Herring obtained the bond with plaintiff as obligee, Herring as principal, and defendant as surety. The condition of the bond was:

> "* * * That if the said Principal shall well and truly perform and fulfill all and every the covenants, conditions, stipulations and agreements in said contract mentioned to be performed and fulfilled, and shall keep the said Obligee harmless and indemnified from and against all and every claim, demand, judgment, lien, cost and fee of every description incurred in suits or otherwise against the said Obligee, growing out of or incurred in, the prosecution of said work according to the terms of the said contract, and shall repay to the said Obligee all sums of money which the said Obligee may pay to other persons on account of work and labor done or materials furnished on or for said contract, and if the said Principal shall pay to the said Obligee all damages or forfeitures which may be sustained by reason of the non-performance or mal-performance on the part of the said Principal of any of the covenants, conditions, stipulations and agreements of said contract, then this obligation shall be void; otherwise the same shall remain in full force and virtue." (Emphasis added).

According to the terms and provisions of the surety bond, Herring and USF&G agreed that they were jointly and severally bound under the bond unto plaintiff.

- 2 -

Subsequently, Herring allegedly failed to furnish all the labor, materials, skill and instrumentalities and failed to perform all the work necessary and incidentally required on the job of him under the terms and provisions of his subcontract with plaintiff. By reason thereof, plaintiff thereafter initiated this action against only USF&G as surety of Herring for the damages incurred by plaintiff. By its complaint, plaintiff alleged the condition of USF&G's surety bond was breached by Herring's failure to furnish the requisite labor, etc., and his failure to perform the necessary work, and that as a consequence USF&G owes plaintiff the damages and loss incurred by reason of Herring's breach.

In its first appearance, USF&G filed alternative motions to dismiss the complaint for failure to join Herring as a party, to dismiss the complaint for failure to state a claim, and for change of venue supported by an affidavit of Herring. By its motion for change of venue, USF&G sought to have the place of trial changed from the district court in Cascade County to the district court in Gallatin County:

> "* * * on the grounds and for the reasons that the action in the instant case arises out of a contract to be performed by Patrick A. Herring, d/b/a Quality Roofing and Sheet Metal, of Bozeman, Montana, at Bozeman, Gallatin County, Montana, and that although the defendant has no residence in Montana, residence for venue purposes should be considered to be the residence of its insured, Patrick A. Herring, d/b/a Quality Roofing and Sheet Metal, whose residence is Bozeman, Gallatin County, Montana; that under the provisions of Section 93-2904, Revised Codes of Montana, 1947, an action is to be tried in the county where the defendant resides at the time of commencement of the action, or in the county in which the contract was to be performed."

In his supporting affidavit Herring stated that he was a resident of Gallatin County, that at the times alleged in plaintiff's complaint he had conducted business in Gallatin County and that his subcontract agreement with plaintiff was to have been performed in Gallatin County. In his affidavit, Herring states that he may be required to indemnify USF&G if USF&G were to be held liable to plaintiff and that he objects to the venue being in Cascade County. The

- 3 -

district court in Cascade County granted USF&G's motion for change of venue and plaintiff appeals from that order changing venue.

The issue on appeal is whether plaintiff can sue in its county of residence a foreign corporate surety when the action is on a bond assuring a subcontract which was to be performed in another county and the residence of the subcontractor is in another county. We note here that defendant USF&G urges another issue is whether Herring, the subcontractor, is an indispensable party; but, we reject that immediately for reasons which appear hereinafter.

The surety bond specifically and clearly states that the bond upon which plaintiff initiated this action against USF&G is a _joint and several_ obligation of Herring and USF&G. Parties having a "joint and several" obligation are bound jointly as one party, and also severally as separate parties at the same time and a joint and several contract is a contract with each promisor and a joint contract with all. 17A C.J.S. Contracts § 355a. When a several obligation is entered into by two or more in one instrument, it is the same as though each had executed separate instruments, and each obligation furnishes a several cause of action. 17A C.J.S. Contracts § 352a. Thus, although plaintiff could have initiated this action against both Herring and USF&G it chose to sue only USF&G. Cole Manufacturing Co. v. Morton, 24 Mont. 58, 60 P. 587; Butte Machinery Co. v. Carbonate Hill Milling Co., 75 Mont. 167, 242 P. 956.

Plaintiff had a right to sue only USF&G without joining Herring because a contract of suretyship is a direct liability of the surety to the assured and when the principal (Herring) fails to perform, the surety becomes directly responsible at once, as it is unnecessary for the assured to establish that the principal failed to carry out his contract before the obligation of the surety becomes absolute. Cole Manufacturing Co. v. Morton, supra; Butte

Machinery Co. v. Carbonate Hill Milling Co. supra. It is stated in 72 C.J.S. Principal and Surety §264b, p. 712:

> "Since the surety is jointly or jointly and severally liable with the principal to the creditor, the surety may in any case be joined with the principal in an action by the creditor, and, where the liability is joint and several, the creditor may sue anyone separately if the court has jurisdiction of the entire case." (Emphasis added).

Prior to the adoption of Montana's present rules of procedure, section 93-2822, R.C.M. 1947, was in effect. It specifically provided that persons severally liable upon the same instrument, including sureties, "may all or any of them be included in the same action, at the option of the plaintiff." Under that statute, this Court held in every case brought before it that an action may be maintained against a surety without joining the principal. Comerford v. United States Fidelity and Guaranty Co., 59 Mont. 243, 196 P. 984; Deer Lodge County v. United States Fidelity & Guaranty Company, 42 Mont. 315, 112 P. 1060; Foster v. Royal Indemnity Co., 83 Mont. 170, 271 P. 609. Section 93-2822, R.C.M. 1947, has been superseded by Rule 20(a), M.R.Civ.P., which in pertinent part provides:

> "* * * All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any questions of law or fact common to all defendants will arise in the action * * * Judgment may be given * * * against one or more defendants according to their respective liabilities." (Emphasis added.)

Thus, it is still permissive for a plaintiff to separately sue joint and several obligors.

Here, USF&G is the sole defendant and a non-resident and under section 93-2904, R.C.M. 1947, may be sued in any county the plaintiff designates. Foley v. General Motors Corp., 159 Mont. 469, 499 P.2d 774.

USF&G argues in its brief about a lack of due process to Herring. USF&G, however, has given notice to Herring. Herring has every opportunity to appear if he desires.

- 5 -

The order of the district court is reversed and the matter returned to the district court of Cascade County for further proceedings.

_Wesley Castles_
Justice

We Concur:

_Chief Justice_

_John Conway Harrison_

_Frank I. Haswell_

_Gene B. Daly_
Justices.