No. 13843

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

RUTH DAVIDSON,

                    Plaintiff and Appellant,

          -vs-

LELAND J. LEWIS,

                    Defendant and Cross Complainant,
          and

SHARON R. LEWIS,

                    Cross Defendant and Appellant.

---

Appeal from:  District Court of the Eighteenth Judicial
              District,
              Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

     For Appellant:

          Seth F. Bohart argued, Bozeman, Montana

     For Respondent:

          William E. Gilbert, Bozeman, Montana
          Brown, Pepper and Kommers, Bozeman, Montana
          Gene Brown argued, Bozeman, Montana

---

                         Submitted:  March 2, 1978

                         Decided: MAY 1978

Filed: MAY 1978


_Thomas J. Kearney_
                              Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Plaintiff Ruth Davidson and cross-defendant Sharon Lewis appeal from a judgment of the District Court, Gallatin County, which decreed that defendant Leland Lewis owed plaintiff $1,400 as the balance due on a loan.

Defendant and Sharon Lewis were married in 1969. In 1971, they borrowed $5,400 from plaintiff, who is Sharon Lewis' mother, for the down payment on a house located in Bozeman, Montana. They verbally agreed to repay the loan, apparently without interest, in $100 monthly installments. They made such payments until their divorce in 1973.

Prior to the entry of their divorce decree, defendant and Sharon Lewis entered into a written property settlement agreement which provided, among other things, that defendant would pay child support, that he would pay the balance owing on an automobile which was to be transferred to Sharon Lewis, and that he would pay the balance of the loan from plaintiff. The balance of the loan was $2,800 at that time.

Shortly after their divorce, defendant and Sharon Lewis met and discussed the property settlement agreement. Their testimony regarding this meeting is conflicting. Defendant testified Sharon Lewis agreed he would not have to pay child support, she would pay for the automobile she received under the property settlement agreement, and she agreed to pay plaintiff the balance owing on the loan. Sharon Lewis testified she told defendant he would not have to pay child support until he had paid off the automobile, she did not agree to pay for the car herself, and she did not agree to pay all or any part of the $2,800 balance on the loan from plaintiff.

Defendant made no payments on the loan from plaintiff either before or after the meeting with his former wife. He continued to pay child support and he paid off the automobile as well, notwithstanding the agreement allegedly made at the meeting.

Sometime after the divorce, Sharon Lewis sold the house she received under the property settlement agreement. She gave $1,400 from the proceeds of this sale to plaintiff. At trial both Sharon Lewis and plaintiff characterized this transaction as a loan.

On December 6, 1976, plaintiff brought the present action in District Court, Gallatin County, seeking to recover $2,800, the amount she alleged was owing on the loan from her to defendant and Sharon Lewis. Defendant answered and cross-claimed against his former wife, alleging she had agreed to pay the balance owing on the loan. The case was heard by the District Court sitting without a jury. On April 14, 1977, the District Court entered findings of fact and conclusions of law, ruling defendant owes plaintiff $1,400, the amount found to be the balance due on the loan. Plaintiff and Sharon Lewis moved to amend the findings of fact and conclusions of law and for a new trial. After a hearing their motions were denied, judgment was entered, and this appeal followed.

The issue presented for review is whether the evidence supports the District Court's findings of fact and conclusions of law and judgment.

Appellants contend the written property settlement agreement is controlling, and since it provided that defendant was to pay the entire $2,800 balance owing on the loan from plaintiff, the District Court erred in ruling defendant liable for a lesser amount.

There is no dispute that when they received the loan from plaintiff, Sharon Lewis and defendant became jointly obligated for its repayment. Plaintiff, therefore, could have sued either or both of them for the balance due on the loan. Morgen & Oswood v. U.S. Fidelity and Guaranty, (1975), 167 Mont. 64, 69, 535 P.2d 170. Since plaintiff was not a party and did not consent to any property settlement agreement entered into by Sharon Lewis and defendant, any such agreement did not affect plaintiff's right to seek performance of their joint promise to repay from either of them. Gambles v. Perdue, (1977), ____ Mont. ____, 572 P.2d 1241, 34 St.Rep. 1549, 1551, 1552. Nothing in the District Court's findings of fact or conclusions of law is inconsistent with any of the above stated general principles.

Another well established principle with respect to joint contracts is the obligee is entitled to only one full performance. As it is stated in 4 Corbin on Contracts, §935, p. 764:

> "An obligee who receives a payment or a substituted satisfaction, in part or in full, from any of two or more parties who are bound to him for one and the same performance, cannot prevent it from operating as a discharge of the other obligors in like measure. * * *"

By concluding that $1,400 is the balance due on the loan, the District Court implicitly found the money Sharon Lewis transferred to plaintiff should be applied to the balance owing on the loan prior to that transfer. That conclusion is consistent with the principle of pro tanto discharge set out above. The dispute here is whether that conclusion is consistent with the evidence presented to the District Court.

Appellants contend the evidence shows Sharon Lewis intended to treat the $1,400 as a loan to plaintiff, that the written property settlement agreement conclusively establishes she was under no obligation to repay any part of the loan, and

that the District Court therefore could not properly conclude the loan's balance was reduced as the result of the transfer of $1,400 to plaintiff.  Appellants deny pro tanto discharge is applicable on these facts.

Appellants are correct in their contention that the alleged oral modification of the written property settlement agreement cannot have the effect of altering the written agreement. Section 13-907, R.C.M. 1947, provides that an oral agreement must be executed to alter a contract in writing.  Section 13-727, R.C.M. 1947, defines an executed contract as one " * * * the object of which is fully performed * * *."  Since the object of the alleged oral agreement in the present case would be payment of the entire balance due on the loan, and since Sharon Lewis paid less than that amount, any such oral agreement was not fully performed.

Additionally, the record does not show any consideration was given for the alleged oral agreement.  By defendant's own testimony he suffered no prejudice and Sharon Lewis received no benefit by entering into the alleged modification of the written property settlement agreement.

The District Court therefore erred in concluding the written property settlement was altered by a subsequent oral agreement between defendant and Sharon Lewis.  As between those parties, the written property settlement agreement remains in full force and effect.

It does not necessarily follow, however, that the District Court was wrong in treating the $1,400 transferred to plaintiff as payment of part of the balance owing on the loan from plaintiff. The evidence, although in some respects conflicting, supports the District Court's conclusion that the transfer of $1,400 from Sharon Lewis to plaintiff was such part payment.

There is no writing showing the $1,400 was intended as a loan to plaintiff, and Sharon Lewis did not tell defendant's attorney it was a loan when she spoke to his attorney about it. She also testified she gave plaintiff the money in part so that plaintiff could invest and receive interest on the $1,400. This testimony, combined with defendant's testimony that Sharon Lewis expressly promised to pay the balance owing on the loan from plaintiff, casts doubt on appellants' claim that the $1,400 was in no way related to repayment of that loan.

Furthermore, Sharon Lewis has made no claim against defendant for reimbursement of the $1,400 she transferred to plaintiff. Had she intended to hold defendant to the written property settlement agreement, a logical step in light of defendant's cross-claim would have been to seek such reimbursement in a timely manner.

Unless there is a clear preponderance of evidence against the District Court's findings, this Court will not reverse such findings. It is the trial court's province to judge the credibility of witnesses and the weight to be given their testimony. Merritt v. Merritt, (1974), 165 Mont. 172, 177, 178, 526 P.2d 1375.

In applying the $1,400 Sharon Lewis transferred to plaintiff to the loan's balance, the District Court merely accepted one of the offered explanations of that transfer rather than the other. Whether or not that transfer was made in accordance with a valid oral agreement between Sharon Lewis and defendant, it was properly found to operate as a discharge of defendant to the extent of the amount paid.

The judgment of the District Court is affirmed.

_____
Justice

-6-

We Concur:

_____
Chief Justice

_____

_____

_____
Hon. L. C. Gulbrandson, District
Judge, sitting with the Court.

-7-